In the Matter of JULIUS DAVIDSON, Respondent, against
JAMES J. WALKER as Mayor of the City of New York,
Appellant.

Courts — judges — New York city — mandamus — designa-
tion of two justices of Court of Special Sessions, residents of
Brooklyn as justices in new Children's Court — provision in
statute that offices of justices of Court of Special Sessions so
designated shall be abolished, within power of Legislature —
mandamus to compel appointment of two residents of Brooklyn
to alleged vacancies denied.

Under section 6 of the act relating to the Children's Court of the
city of New York (L. 1924, ch. 254) providing "if the presiding justice
or any justice of the previously existing Children's Court shall be
appointed a justice of this court the office of justice of the Court of
Special Sessions which he had previously held shall be deemed to be
abolished on his acceptance of such appointment," no vacancies were
occasioned in the Court of Special Sessions by the appointment of
two of its members, residents of the borough of Brooklyn, who had
been assigned to the Children's Court division of the Court of Special
Sessions, as members of the new Children's Court. The fact that
after their appointment and acceptance there remained on the Court
of Special Sessions but three members from the borough of Brooklyn
while the act constituting that court (L. 1910, ch. 659) provided
(§ 12) that there should be five, is immaterial. The Legislature of
1924 had power to provide for the abolition of the offices of justices
of the Court of Special Sessions previously held by those who might
become appointees to the new Children's Court. When, therefore,
the justices received their appointments to the new court, their offices
as justices of the Court of Special Sessions ceased to exist and an
application for a peremptory order of mandamus, to compel the
appointment of two residents of the borough of Brooklyn as justices
of the Court of Special Sessions in their stead, should be denied.
*Matter of Davidson* v. *Walker*, 222 App. Div. 437, reversed.

(Argued April 30, 1928; decided May 29, 1928.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the second judicial
department, entered January 13, 1928, which unanimously

affirmed an order of Special Term. granting a motion for a peremptory order of mandamus to compel the mayor of the city of New York to appoint two qualified persons, residents of the borough of Brooklyn, as justices of the Court of Special Sessions of the city of New York.

*George P. Nicholson, Corporation Counsel* (*J. Joseph Lilly, Russell Lord Tarbox* and *Arthur Sweeney* of counsel), for appellant.   Upon the acceptance by justices of the previously existing division of the Court of Special Sessions, known and designated as the Children's Court of the city of New York, of appointments as justices of the new Children's Court of the City of New York, which was established on that day, the offices as justices of the Court of Special Sessions of the City of New York previously held by them, were abolished.   (*People ex rel. Conti* v. *Kempner,* 144 App. Div. 339; *Stack* v. *City of Brooklyn,* 150 N. Y. 335; *People ex rel. Davison* v. *Williams,* 213 N. Y. 130; *Matter of Devins* v. *Sayer,* 233 N. Y. 690; *People ex rel. De Vito* v. *Sayer,* 233 N. Y. 615; *People ex rel. Mitchell* v. *Sturges,* 156 N. Y. 580; *Matter of Kelly,* 42 App. Div. 283; *Long* v. *Mayor, etc.,* 81 N. Y. 425; *Newton* v. *Comrs.,* 100 U. S. 548; *People* v. *Fire Assn.,* 92 N. Y. 311; 119 U. S. 110; *People* v. *L. I. R. R. Co.,* 134 N. Y. 506; *Matter of McCabe* v. *Voorhis,* 243 N. Y. 401.)

*Leonard M. Wallstein* and *Ralph M. Frink* for Citizens Union of the city of New York, *amicus curiæ.*

*Albert Conway* and *Ralph K. Jacobs* for respondent.

KELLOGG, J.   The Court of Special Sessions of the City of New York, prior to the enactment of the Children's Court Act (Laws of 1924, ch. 254), was constituted to consist of a chief justice and 14 associate justices.   (Laws of 1910, ch. 659, sec. 11.)   Of the associate justices at least seven were required to be residents of the borough

of Manhattan or The Bronx; five to be residents of the borough of Brooklyn; one to be a resident of the borough of Queens; one to be a resident of the borough of Richmond. (Id. sec. 12.) A separate division of the Special Sessions, to be known as the Children's Court of the City of New York, was established. (Laws of 1915, ch. 531, sec. 6.) This court was constituted to consist of five justices of the Court of Special Sessions designated for service as justices in the Children's Court by the Mayor of the City of New York. (Id.) One of the five justices was required to be designated by the Mayor to act as presiding justice. (Id.) By section 6, chapter 254 of the Laws of 1924, there was set up an independent Children's Court to consist of six justices to be appointed by the Mayor, one of whom was to be designated as presiding justice. These justices might or might not be appointed from the membership of the Court of Special Sessions. The act in terms provided: "If the presiding justice or any justice of the previously existing Children's Court shall be appointed a justice of this court the office of justice of the Court of Special Sessions which he had previously held shall be deemed to be abolished on his acceptance of such appointment." It is clear that in enacting this provision, the Legislature had in mind the fact that one-third of the membership of the Court of Special Sessions, under the existing law, had previously been assigned to a division of that court known as the Children's Court; that by such assignment there had been devolved upon the remaining ten justices the performance of all the business coming before the Court of Special Sessions. If justices of the Special Sessions could be spared for a Children's Court division, they might equally be spared for the independent Children's Court presently to be established, and the membership of the Court of Special Sessions might correspondingly be reduced. Accordingly, the Legislature enacted the provision whereby it was ordained that, in the event

of the Mayor's appointment to the new Children's Court of a justice of the Court of Special Sessions, previously sitting in the Children's Court division, " the office of justice of the Court of Special Sessions " previously held by the appointee should " be deemed to be abolished on his acceptance of such appointment." In this instance the Mayor did in fact select two justices of the Court of Special Sessions who had previously sat in the Children's Court division, and appointed them as justices of the newly established Children's Court. The appointments were accepted by the justices. It is immaterial that the justices appointed were residents of the borough of Brooklyn. It is immaterial that there remained on the Court of Special Sessions, after the appointments thus made, but three residents of the borough of Brooklyn instead of five, as previously required. (Laws of 1910, ch. 659.) The Legislature of 1924 had full power to sanction, and did expressly sanction, the appointments made by the Mayor. It had full power to provide for the abolition of the offices of justices of the Court of Special Sessions previously held by those who might become the appointees of the Mayor. It did so provide in terms so clear that they may not be misunderstood. When the justices received their appointments their offices as justices of the Court of Special Sessions ceased to exist. Accordingly, no vacancies were created which the Mayor might be required to fill.

The order of the Appellate Division and that of the Special Term should be reversed and the application denied, without costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Orders reversed, etc.