LADI GENNIS, Appellant, *v.* " JOHN " MILANO, Respondent.

Supreme Court, Appellate Term, First Department, November 19, 1929.

*Leo Rosenberg* [*Joseph I. Green* of counsel], for the appellant.

*Frank J. Ricca*, for the respondent.

*Arthur J. W. Hilly* [*William E. C. Mayer* of counsel], on behalf of the city of New York, as *amicus curiæ*.

BIJUR, J. This appeal involves the question whether New York City Local Law No. 9 of 1929, is valid under the City Home Rule Law (Laws of 1924, chap. 363, as amd.). The local law is sub-

stantially a re-enactment of the State Housing Laws as they existed at the time of their expiration by limitation on June 1, 1929. In substance it provides that because of an existing emergency a tenant of premises in the city of New York occupied for dwelling purposes may plead as a defense to an action for rent that the rent demanded is unjust and unreasonable and thereupon the just rent shall be determined by the court. Next by undertaking to amend certain provisions of the Civil Practice Act relating to summary proceedings it abolishes the right of the landlord to recover possession of premises because of the expiration of the tenant's term except in a few limited instances.

The Home Rule amendment of the State Constitution, approved in 1923, being article XII, section 3, reads:

" Every city shall have power to adopt and amend local laws not inconsistent with the constitution and laws of the state, relating to the powers, duties, qualifications, number, mode of selection and removal, terms of office and compensation of all officers and employees of the city, the transaction of its business, the incurring of its obligations, the presentation, ascertainment and discharge of claims against it, the acquisition, care, management and use of its streets and property, the wages or salaries, the hours of work or labor, and the protection, welfare and safety of persons employed by any contractor or subcontractor performing work, labor or services for it, and the government and regulation of the conduct of its inhabitants and the protection of their property, safety and health. The legislature shall, at its next session after this section shall become part of the constitution, provide by general law for carrying into effect the provisions of this section."

The Legislature shortly thereafter adopted the City Home Rule Law (Laws of 1924, chap. 363, as amd. by Laws of 1929, chap. 646), section 11 of which now provides:

" § 11. Power of cities to adopt and amend local laws. 1. Unless hereafter restricted by the legislature under the provisions of section one of article twelve of the constitution, the local legislative body of a city shall have power to adopt and amend local laws in relation to the property, affairs or government of a city including but not limited to the powers, duties, qualifications, number, mode of selection and removal, terms of office and compensation of all officers and employees of the city, the transaction of its business, the incurring of its obligations, the presentation, ascertainment and discharge of claims against it, the acquisition, care, management and use of its streets and property, the wages or salaries, the hours of work or labor, and the protection, welfare and safety of persons employed by any contractor or subcontractor performing work,

labor or services for it, the government and regulation of the conduct of its inhabitants and the protection of their property, safety or health.

Subdivision 2 of section 12 of the same statute (Laws of 1924, chap. 363, as amd. by Laws of 1925, chap. 397) provides:

" § 12. Effect of local law on acts of legislature.  *  *  *  2. No local law shall supersede any provision of an act of the legislature relating to the property, affairs or government of cities which provision in terms and in effect applies alike to all cities, nor any provision of an act of the legislature which provision relates to matters other than the property, affairs or government of cities, whether in terms and in effect applying alike to all cities or not, nor any provision of an act of the legislature enacted pursuant to article twelve of the constitution on an emergency message from the governor and by the concurrent action of two-thirds of the members of the legislature."

The difficulty of drawing even an approximately accurate distinction between State affairs and city affairs is pointed out by Judge POUND in the recent case of *Adler* v. *Deegan* (the Multiple Dwelling Law case, 251 N. Y. 467). He says: " The amendment divides things that in their nature are indivisible by any scientific method of exclusive and inclusive classification as has been suggested by an authority on the subject. (McBain, 37 Pol. Sc. Q. 655.) The line of demarcation must be drawn by the court as cases arise."

Illustrations of matters which may fall within the one or the other category are given by Chief Judge CARDOZO in his opinion written in the same case: " There are other affairs exclusively those of the State, such as the law of domestic relations, of wills, of inheritance, *of contracts*, of crimes not essentially local (for example, larceny or forgery), *the organization of courts, and procedure therein.*"

It is scarcely necessary to go beyond this point to compel the conclusion that the local law under consideration is without validity. The relation of landlord and tenant is plainly contractual and the attempt to interfere between them after the amount of rental has been agreed upon and base it upon what the court may deem just and reasonable, is clearly a measure which alters the very essence of contract. Moreover, the attempt to change the operation of " summary proceedings " (Civ. Prac. Act, §§ 1410–1447) is an interference with the remedies and procedure provided by the Legislature for the entire State. Incidentally, it may be said that the legislation covering this subject dates back to 1820. (See *Reich* v. *Cochran*, 201 N. Y. 450.)

As legislation of the type here under consideration has been

expressly cited by the Court of Appeals as an example of matters of exclusively State concern, it is unnecessary to discuss other points urged upon our attention by counsel for the appellant.

Final order reversed, with thirty dollars costs, and final order awarded to petitioner for possession of the premises described in the petition.

All concur; present, BIJUR, LYDON and CALLAHAN, JJ.