In the Matter of the Application of ROBERT RUBENSTEIN and HARRY CHERRY, Petitioners, for an Order against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Special Term, Albany County, August 10, 1941.

*Maurice Shorenstein,* for the petitioners.

*John J. Bennett, Jr., Attorney-General [Bernard Bienstock, Assistant Attorney-General,* of counsel], for the respondent.

SCHIRICK, J. These proceedings have been brought pursuant to article 78 of the Civil Practice Act to review determinations of the respondent, the Board of Regents, suspending the licenses of the petitioners to practice dentistry for a period of six months.

The petitioners have been charged with violation of clause (h) of subdivision 2 of section 1311 of the Education Law, which provides for disciplinary action upon proof " that the dentist has been otherwise or in any other way guilty of unprofessional conduct." Specifically, they are charged with violating rule 5 of the Regulations Governing Dental Advertising promulgated by the Board of Regents, which considers unprofessional and objectionable the " Employing or making use of advertising solicitors or free publicity press agents."

In 1933 subdivision 2 of section 1311 of the Education Law authorized disciplinary action against a dentist who was found guilty of unprofessional conduct, of various specific offenses, or was " guilty of untrue, fraudulent, misleading or deceptive advertising." Pursuant to this section, the Board of Regents adopted a rule which forbade " The employment of letters, handbills, posters, circulars, cards, stereopticon slides, motion pictures, radio, newspapers, or other advertising devices for the purpose of soliciting patronage * * *."

In *Brown* v. *University of the State of New York* (242 App. Div. 85; affd., 266 N. Y. 598) this rule was called into question. It was held to be invalid as unauthorized and exceeding statutory authority. An administrative rule may be no broader than the legislative grant. It cannot be more restrictive than the statute.

The *Brown* case governs the present proceeding, unless the legislative grant has been broadened since its rendition so as to authorize the rule here attacked. The only legislative action taken in the premises since the *Brown* case is chapter 406 of the Laws of 1935. Such amendment provides for disciplinary action upon proof " that the dentist has advertised for patronage by means of handbills, posters, circulars, stereopticon slides, motion pictures, radio or newspapers."

Nothing is provided in this amendment concerning the use of " advertising solicitors or free publicity press agents." In forbidding their use, rule 5 goes beyond the prohibition contained in the statute. Therein it is more restrictive than the statute, and must fall under the decision of the *Brown* case.

The determination is annulled.