In the Matter of ALBERT TARTAGLIA et al., Respondents, against HAROLD J. McLAUGHLIN, a Justice of the Municipal Court of the City of New York, et al., Appellants.— Respondents, owners and landlords of certain premises in the borough of Brooklyn, City and State of New York, instituted a summary proceeding in the Municipal Court of the City of New York, Borough of Brooklyn, to evict a tenant from said premises. After a trial before Mr. Justice HAROLD J. McLAUGHLIN in the Sixth District Municipal Court, a final order giving respondents the right to evict the tenant was entered, but execution thereof was stayed until September 11, 1947. Appellant Samuel Pearlman is the clerk of said court. On application of the tenant, Justice McLAUGHLIN extended his time to move from the premises until October 11, 1947, and directed that in the meantime respondents obtain from the temporary city housing rent commission a certificate authorizing the eviction as provided in the so-called "Sharkey Law", passed September 17, 1947, amending the Administrative Code of the City of New York in relation to evictions from apartments within the City of New York. (Local Laws, 1947, No. 66 of City of New York — Administrative Code of City of New York, § U41–7.0.) Thereafter respondents' demand for a warrant of eviction was refused by appellants, respondents having failed to obtain the required certificate, and they thereupon began the present proceeding under article 78 of the Civil Practice Act to compel appellants to issue a warrant of eviction. The order appealed from grants respondents' application and directs that appellants issue a warrant of eviction as prayed for. Order unanimously affirmed, without costs. No opinion. Permission to appeal to the Court of Appeals is hereby granted. Pending the appeal and conditioned upon the diligent prosecution thereof, a stay is granted to appellants. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ. [190 Misc. 266.]

In the Matter of the Accounting of S. BRUCE WILSON et al., as Executors of KATE B. WILSON, Deceased, Respondents. MORRIS ORENSTEIN, as Receiver of LESLIE B. WILSON, Appellant; LESLIE B. WILSON, Respondent.— Appeal from so much of a decree of the Surrogate's Court, Westchester County, as construed the will of the decedent in reference to the legacy provided therein for Leslie B. Wilson and the legal effect of the renunciation of the legacy by Leslie B. Wilson. Decree, insofar as appealed from, unanimously affirmed, without costs. No opinion. Present — Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ. [See post, p. 910.]

ROSE KAUFMAN, Appellant, v. CITY OF NEW YORK, Respondent.— Action to recover damages for personal injuries. Judgment dismissing the complaint reversed upon the law and a new trial granted, with costs to appellant to abide the event. The dismissal by the trial court "on the merits" before the close of plaintiff's evidence was error (Civ. Prac. Act, § 482); and the judgment thereupon entered, incorrectly reciting that the motion to dismiss was granted "at the close of the case", and not providing that the dismissal was "without prejudice" must be reversed. (Civ. Prac. Act, § 482; Hollenbeck v. Aetna Casualty & Surety Co., 215 App. Div. 609, affd. 243 N. Y. 540; Assalone v. Hazel, 243 App. Div. 176.) The judgment entered was not a default judgment. (Citizens Trust Co. v. Prescott & Son, Inc., 221 App. Div. 426.) Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.