In the Matter of Roy T. Olsen, Petitioner, against Paul L. Ross et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, February 18, 1948.

*Arthur E. Flood* for petitioner.

*William L. Messing* for respondents.

RUBENSTEIN, J. Petitioner seeks to review the refusal of respondents, constituting temporary city housing rent commission of the city of New York, to issue a certificate of eviction.

He is not required to show an " immediate and compelling necessity " to entitle him to possession of the apartment sought herein, as suggested by respondents. The statute (Administrative Code of City of New York, § U41–7.0, subd. c, par. [2]) requires petitioner to establish only that he " seeks in good faith to recover possession of such apartment for his immediate and personal use and occupancy as housing accommodations".

The proof before the commission establishes beyond question that the facts submitted in support of the application bring petitioner squarely within the requirements of the statute. There was no competent proof which warranted a finding that he was not entitled to the relief requested; hence it was improper for the commission to withhold the certificate. In such respect the commission's determination is arbitrary and without legal basis.

Accordingly, the motion is granted, the determination is annulled and respondents are directed to issue the certificate. Settle order on notice.

(On reargument, March 10, 1948.)

Respondents, constituting temporary city housing rent commission of the city of New York, ask the court to reconsider the conclusion heretofore announced by it in this proceeding (*supra*, p. 705).

Pursuant to Local Laws of 1947, No. 66, petitioner applied to respondents for a certificate entitling him to institute proceedings to recover possession of an apartment in premises No. 98 71st Street, Brooklyn, New York, of which he was an owner. His application was denied and these proceedings were instituted to review respondents' refusal to issue such certificate.

In their return respondents stated that petitioner had not made a " showing of any immediate and compelling necessity " for the use of the apartment. In its decision the court declared that petitioner was " not required to show an ' immediate and compelling necessity ' to entitle him to possession of the apartment " and further that the statute required him to establish only that he " seeks in good faith to recover possession of such apartment for his immediate and personal use and occupancy as housing accommodations". The court then proceeded to annul respondents' determination and directed them to issue the certificate.

Respondents concede that Local Law No. 66 " did not in haec verba require the showing on the part of the landlord seeking an apartment for his own use and occupancy of immediate and compelling necessity therefor".

" However ", say they, " this omission was supplied by enactment of amendatory legislation on February 5, 1948. The amendment in question is contained in Local Law 12 of the City of New York for the year 1948 ".

Respondents further concede that the aforesaid amendment " was enacted subsequent to the determination of the Commission in the instant case ".˙ They now urge that the court in reaching its decision overlooked and did not give effect to Local Law No. 12 of 1948. The court did not disregard Local Law No. 12. It was and still is of the opinion that such Local Law is invalid for the reasons pointed out by Mr. Justice STEINBRINK in *Matter of Tartaglia* v. *McLaughlin* (190 Misc. 266, affd. 273 App. Div. 82▉).

When Local Law No. 66 was adopted there was serious doubt concerning its validity, for prior thereto it had been held that the regulation of relation of landlord and tenant had been reserved to the State and was not subject to municipal regulation

(*Gennis* v. *Milano,* 135 Misc. 209). Thereafter such doubt was resolved against its validity in *Matter of Tartaglia* v. *McLaughlin* (*supra*). After the Appellate Division's determination these respondents, who were parties in the *Tartaglia* case, applied to and received help from the State Legislature in the form of chapter 4 of the Laws of 1948, effective February 3, 1948. This statute provides as follows: " Section 1. Notwithstanding any defect, irregularity or omission of any lawful requirement or lack of statutory authority, all acts and proceedings of the local legislative body, the board of estimate and the mayor of the city of New York in enacting local law number fifty-four, local law number sixty-six, local law number sixty-seven, local law number sixty-eight, local law number seventy-three and local law number eighty of the local laws of the city of New York for the year nineteen hundred forty-seven, and all of the provisions of such local laws are hereby legalized and validated. Such local laws shall be deemed effectual as of the date when such local laws purported to take effect and all acts authorized thereby are hereby legalized and confirmed.''

It will be noted that this statute did not grant to the municipality the power to pass local laws in connection with the subject matter at hand. Any such attempted grant would have been invalid under section 1 of article III of the New York Constitution, which vests all legislative power in the senate and assembly. The courts have repeatedly held that such authority may not be delegated " to other bodies and communities " (*Matter of Mooney* v. *Cohen,* 272 N. Y. 33, 37; *Burke* v. *Kern,* 287 N. Y. 203, 211). Just as the Legislature may not delegate the power to pass a statute, it has been held that it may not delegate the power to repeal it (*Matter of Davidson* v. *Walker,* 222 App. Div. 437, revd. on other grounds 248 N. Y. 357). What then was intended by chapter 4? Its language indicates very clearly that the Legislature " legalized and validated '' Local Law No. 66 and made it effective as of the date when it purported to take effect. The Legislature did nothing else. There is not the slightest suggestion or clue in the statute that the Legislature authorized or intended to authorize the municipal authorities to amend or supplement such local law.

The power of the municipality to act with respect to the subject matter was confined within the legislative sanction. Such power was not a continuing one for a further invasion of the field would have been as invalid as was the original one (which was saved, as stated, only by the legislative indulgence) and for the same reasons. The legislative approval in express

terms of Local Law No. 66 cannot be construed as an approval of such local law as amended by Local Law No. 12 or subsequently. Having exercised the right so given, the power of the municipality to enlarge upon it was exhausted. (Cf. *Matter of Benvenga* v. *La Guardia,* 294 N. Y. 526, 532–533.)

The attempt then to pass Local Law No. 12 was abortive. If the municipality had no power in the first instance to pass the law, it is clear that it could not thereafter amend it or attempt to do so. It would seem to the court that respondents are in effect seeking a reargument of the *Tartaglia* case (*supra*) where the identical principle was involved. This may not be permitted.

Respondents' reliance upon a regulation adopted by them (reg. II) is, of course, entitled to no weight. Such regulation imposes as a condition for the issuance of a certificate as herein sought that (reg. II, art. II, § 5, subd. [b], par. [1], as amd.), " The landlord or purchaser, because of compelling necessity, seeks in good faith to recover possession of such apartment for his own immediate and personal use and occupancy as dwelling accommodation.''

It need scarcely be argued that an administrative board cannot by its own rule, regulation or fiat enlarge the field within which it is empowered to act or set up standards which differ in any essential respect from that prescribed by the law which created it. As stated in *Matter of Rubinstein* v. *Board of Regents* (177 Misc. 253, 254): " An administrative rule may be no broader than the legislative grant. It cannot be more restrictive than the statute.''

It would be an anomalous situation if respondents could fortify their position by reliance upon a rule of their own making which prescribes conditions that the municipality itself is without power to set up.

For these reasons the court is of the opinion that its first conclusion was correct. The motion for reargument is granted and upon reargument the original decision is adhered to. Settle order on notice.