F. T. B. REALTY CORPORATION, Landlord, Appellant, v. LOUIS GOODMAN, Tenant, Respondent.

Argued November 14, 1949; decided December 29, 1949.

*Robert S. Fougner* and *Osborne A. McKegney* for appellant.
I. Local Law No. 73 of 1949 of the City of New York (the Sharkey Rent Control Law) is unconstitutional because it violates the second paragraph of article VI of the Constitution

of the United States (Supremacy Clause). (*Glover* v. *Mitchell,* 64 N. E. 2d 648 [Mass.]; *Barton* v. *United States,* 75 F. Supp. 703; *Cloverleaf Butter Co.* v. *Patterson,* 315 U. S. 148; *Dzobiak* v. *Kowitzky,* 56 A. 2d 892 [N. J.]; *Sbrolla* v. *Hess,* 43 A. 2d 498 [N. J.], 44 A. 2d 236 [N. J.]; *McCulloch* v. *Maryland,* 4 Wheat. [U. S.] 316.) II. Local Law No. 73 contravenes the pre-emption of the field enunciated by section 204(j) of the Housing and Rent Act of 1949. (*New York Central R. R. Co.* v. *Winfield,* 244 U. S. 147; *Southern Ry. Co.* v. *Railroad Comm. of Indiana,* 236 U. S. 439; *Gilbert* v. *Minnesota,* 254 U. S. 325; *Southern Ry. Co.* v. *Reid,* 222 U. S. 424; *Pennsylvania R. R. Co.* v. *Public Service Comm.,* 250 U. S. 566; *Chicago, R. I. & P. Ry. Co.* v. *Hardwick Farmers Elevator Co.,* 226 U. S. 426; *Luftman* v. *Ross,* 298 N. Y. 579.) III. Local Law No. 73 is unconstitutional because it deprives appellant of property without just compensation. (*Farnham Realty Corp.* v. *Posner,* 200 App. Div. 827; *Hall Realty Co.* v. *Moos,* 200 App. Div. 66; *Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571.) IV. Local Law No. 73 is unconstitutional because it constitutes an unlawful delegation of legislative power. (*Schechter Poultry Corp.* v. *United States,* 295 U. S. 495; *Matter of Little* v. *Young,* 82 N. Y. S. 2d 909, 274 App. Div. 1005, 299 N. Y. 699; *Matter of Seignious* v. *Rice,* 273 N. Y. 44; *Matter of Small* v. *Moss,* 279 N. Y. 288; *Packer Collegiate Inst.* v. *University of State of N. Y.,* 298 N. Y. 184; *Sbrolla* v. *Hess,* 43 A. 2d 498 [N. J.], 44 A. 2d 36 [N. J.].) V. Local Law No. 73 is unconstitutional because the City of New York has no power under the State Constitution or State statutes to enact eviction restrictions without approval of the State Legislature. (*Matter of Tartaglia* v. *McLaughlin,* 190 Misc. 266, 273 App. Div. 821, 297 N. Y. 419.)

*Ed Dupree,* General Counsel (*Nathan Siegel, Hugo V. Prucha* and *Louise F. McCarthy* of counsel), for Office of the Housing Expediter, *amicus curiæ.* I. In enacting the Housing and Rent Act of 1947, as amended, Congress pre-empted the field of rent control throughout the nation. Since the provisions of the local law conflict, they cannot stand. (*Case* v. *Bowles,* 327 U. S. 92; *Testa* v. *Katt,* 330 U. S. 386; *Fleming* v. *Rhodes,* 331 U. S. 100; *Bowles* v. *Willingham,* 321 U. S. 503; *Woods* v. *Miller Co.,* 333 U. S. 138.) II. Conflict is present between the Federal and

local law. (*United States* v. *Allegheny County,* 322 U. S. 174.)
III. Conflict exists between the standards for determining
adjustments under both Federal and local acts. (*Wilson* v.
*Brown,* 137 F. 2d 348; *Jacobs* v. *Office of Housing Expediter,*
176 F. 2d 338.) IV. Conflict exists between the eviction pro-
visions of both Federal and local laws. (*Hill* v. *Florida,* 325
U. S. 538.) V. Conflict exists to the extent that local law pun-
ishes by fine and imprisonment conduct that is legal under
Federal law. (*Hill* v. *Florida,* 325 U. S. 538.)

*Robert H. Schaffer* and *Leo Brown* for respondent. I. Con-
gress imposed a bar on home rent increases. It provided for
the lifting of that bar in hardship cases, at the instance of the
landlord, but did not fix rent at the increased amount. It
merely lifted the permissible ceiling, and relegated the landlord
to voluntary lease agreements or the provisions of local law
for the collection of higher rent. II. The local law relates to a
substantive matter, how much rent a landlord may receive, and
not to a procedural one, the form of dispossess proceedings.
The substantive matter being within the scope of proper city
action, there is no violation of the constitutional provision that
the city may not impair an act of State-wide scope. (*Matter of
Tartaglia* v. *McLaughlin,* 297 N. Y. 419.)

*John P. McGrath, Corporation Counsel (Nathan W. Math,
Anthony Curreri, Alfred Weinstein* and *Stanley Buchsbaum* of
counsel), for City of New York and another, *amici curiæ,* in
support of respondent's position. I. Congress has not occupied
the field of rent control, and there is no conflict between the
Federal statute and the local law. (*Cuyahoga Riv. Power Co.*
v. *City of Akron,* 240 U. S. 462; *Sinnot* v. *Davenport,* 22 How.
[U. S.] 227; *Missouri, K. & T. Ry. Co.* v. *Haber,* 169 U. S. 613;
*Missouri, K. & T. Ry. Co.* v. *Harris,* 234 U. S. 412; *Matter of
Tartaglia* v. *McLaughlin,* 297 N. Y. 419; *People* v. *Mailman,*
182 Misc. 870, 293 N. Y. 887; *Dickson* v. *Uhlmann Grain Co.,*
288 U. S. 188; *Ellenbogen* v. *Caldwell,* 270 App. Div. 946;
*Matter of Wallach* v. *Ross,* 298 N. Y. 806; *Reid* v. *Colorado,*
187 U. S. 137; *Savage* v. *Jones,* 225 U. S. 501.) II. Under the
New York Constitution, the City Home Rule Law, and the New
York City Charter, the city has power to enact legislation to

protect the property, safety and health of its inhabitants so long as the legislation does not conflict with State laws. (*People* v. *Lewis,* 295 N. Y. 42.) III. There is no conflict between Local Law No. 73 and any State law. (*People* v. *Lewis,* 295 N. Y. 42; *People* v. *Sampsell,* 248 N. Y. 157; *Matter of Oltarsh* v. *Levy,* 152 Misc. 674, 242 App. Div. 617, 266 N. Y. 523; *Reich* v. *Cochran,* 201 N. Y. 450.) IV. Local Law No. 73, being a valid exercise of the police power, does not deprive the landlord of property without due process or just compensation. (*People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429; *Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571; *Bowles* v. *Willingham,* 321 U. S. 503; *Block* v. *Hirsh,* 256 U. S. 135.) V. The local law does not improperly delegate legislative authority, because adequate standards are provided. (*People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429; *Levy Leasing Co.* v. *Siegel,* 258 U. S. 242.)

LOUGHRAN, Ch. J. In this summary proceeding, the landlord has appealed directly to this court from a decision of the Municipal Court of the City of New York granting to the tenant a final order " dismissing the Petition without prejudice to Landlord's right to start a new proceeding after compliance with the Sharkey Law ". The enactment so cited is Local Law No. 73 of 1949 of the City of New York. (Administrative Code of City of New York, § U41–7.0.)

A question in respect of our jurisdiction must first be disposed of. An appeal to this court may be taken " as of right, from a judgment or order of a court of record of original jurisdiction which finally determines an action or special proceeding where the only question involved on the appeal is the validity of a statutory provision of the state or of the United States under the constitution of the state or of the United States; and on any such appeal only the constitutional question shall be considered and determined by the court " (N. Y. Const., art. VI, § 7, subd. [2]. So, Civ. Prac. Act, § 588, subd. 4). The local law in question is a " statutory provision of the state " within the meaning of the above words of the State Constitution. Whether that local law is valid under the Federal and State Constitutions is the only question here involved. Hence this direct appeal to us is rightly here. (*Matter of Rudack* v.

*Valentine,* 274 N. Y. 615; *Olive Coat Co.* v. *City of New York,* 283 N. Y. 643, 733. See *People* v. *Railway Express Agency,* 297 N. Y. 783. See Buchsbaum, Appeal as of Right to the New York Court of Appeals on Constitutional Grounds, 24 N. Y. U. L. Quarterly Rev. 158, 162, 169; Cohen, Powers of the New York Court of Appeals, p. 156 *et seq.*; cf. U. S. Code, tit. 28, § 1257 [formerly U. S. Judicial Code, § 237]; Robertson and Kirkham, Jurisdiction of the Supreme Court of the United States, § 7, p. 11 *et seq.*)

The local law declares the existence within the city of New York of a serious emergency arising from a shortage of apartments and from demands for excessive rent increases. The local law makes also this declaration (subd. a): " Unless evictions from such accommodations are regulated, disruptive practices and abnormal conditions will produce serious threats to the health, safety and general welfare of the inhabitants of the city." The policy of the local law as therein declared is " to impose certain additional restrictions upon the right to evict tenants from apartments and upon increases in rents for apartments in the city, for the purpose of alleviating the present housing emergency and preventing abuses."

The local law further says:

" c. *Rents not to exceed maximum.* It shall be unlawful for any person to demand, accept or receive from any tenant for the use or occupancy of any apartment a rent therefor greater than the rent which was being received by the landlord for said apartment on March first, nineteen hundred and forty-nine, unless the [temporary city housing rent] commission shall by appropriate order authorize the collection of a higher rent for said apartment.

" The commission is hereby authorized to adjust the rent of any apartment within the city of New York, due and payable therefor after March first, nineteen hundred and forty-nine, to such amount as it may deem just and reasonable consistent with the emergency, provided that the landlord shall allege and prove that he is presently providing substantially the same services, facilities, accommodations and maintenance which the landlord was legally obliged to provide on June thirtieth, nineteen hundred and forty-seven, and further provided that such rent so adjusted by the commission shall in no event be less

than the rent payable therefor on the first day of March, nineteen hundred and forty-nine, except that the commission shall have the power by regulation or order to decrease the maximum rent for any apartment, if the commission should find that the landlord has decreased the services, facilities, accommodations, or maintenance to which the tenant was entitled on June thirtieth, nineteen hundred and forty-seven. * * *

" d. *Evictions.* No tenant shall be removed from any apartment by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any action or other proceeding be commenced for the collection of any rent greater than the rent due and payable on the first day of March, nineteen hundred and forty-nine or for non-payment of such greater rent unless the commission has certified that such rent for the non-payment of which the removal is sought or for the collection of which judgment is demanded, has before the commencement of such action or proceeding, been certified as just and reasonable consistent with the emergency, by the commission * * *.

" e. *Eviction certificate; application required.* Prior to the institution of any summary proceedings or any other action or proceeding to evict a tenant or to recover possession of an apartment, except for non-payment of rent no greater than that which was being received by the landlord for said apartment on March first, nineteen hundred forty-nine, the person instituting such action or proceeding shall file in triplicate with the commission, a verified application for a certificate of eviction. Such application shall contain a detailed statement of the facts upon which such action or proceeding is based. The commission shall promptly transmit a copy of such application to the department of housing and buildings and the department of health, which departments shall promptly furnish the commission with such information or reports as the commission shall require concerning the premises and the tenants thereof, described in the application filed pursuant to this subdivision.

" The commission shall, as promptly as is practicable, render its determination granting or denying a certificate of eviction under subdivision d of this section and shall promptly notify the person filing such application for such certificate, of such determination."

The facts of the case in hand are briefly these: After the tenant's lease expired in 1943, he continued to occupy his apartment at a rent fixed by the Federal housing authority. On August 23, 1949, the rent was increased by that authority. When the tenant refused to pay the increase, the landlord brought the present summary proceeding to dispossess him and for recovery of the rent unpaid, though no certificate had been obtained from the temporary city housing rent commission. Taking his stand upon the local law in question, the tenant denied liability for rent in excess of that paid by him on March 1, 1949, and, as we have seen, the court below sustained him in that position.

The Municipal Court of the City of New York is a court of record (Judiciary Law, § 2). Except as the Legislature has otherwise provided in the Municipal Court Code, the practice in that court is regulated by the Civil Practice Act. (Civ. Prac. Act, § 1; N. Y. City Mun. Ct. Code, § 15; L. 1915, ch. 279; *Chase Watch Corp.* v. *Heins,* 284 N. Y. 129.)

Summary proceedings to recover possession of real property are governed by article 83 of the Civil Practice Act. In such a proceeding, a landlord may dispossess his tenant for nonpayment of rent and at the same time have judgment for rent in arrears. (Civ. Prac. Act, §§ 1410, 1425.) The present cause is such a proceeding.

The Home Rule Amendment of the State Constitution says (art. IX, § 12): " Every city shall have power to adopt and amend local laws not inconsistent with the constitution and laws of the state relating to its property, affairs or government. Every city shall also have the power to adopt and amend local laws not inconsistent with this constitution and laws of the state, and whether or not such local laws relate to its property, affairs or government, in respect to the following subjects: * * * the government and regulation of the conduct of its inhabitants and the protection of their property, safety and health." (See, too, City Home Rule Law, §§ 11, 12.)

We have, then, here before us this question of law: Is the local law consistent with article 83 of the Civil Practice Act — the State statute which regulates summary proceedings in courts of record? To our minds the only admissible answer is " No ". As appears by the words we have quoted from sub-

divisions d and e of the local law, the council of the city (in accordance with the policy declared in subdivision a) has imposed prerequisite " additional restrictions " upon the right of a landlord to evict a tenant from an apartment in the city. The local law is, therefore, inconsistent with article 83 of the Civil Practice Act and in that respect runs foul of the limitation laid down by the above words of the Home Rule Amendment of the State Constitution (see *Matter of Tartaglia* v. *McLaughlin*, 190 Misc. 266, affd. 273 App. Div. 821, revd. 297 N. Y. 419. See, too, *Matter of Kress & Co.* v. *Department of Health of City of N. Y.*, 283 N. Y. 55; *People* v. *County of Westchester*, 282 N. Y. 224; *Jewish Consumptives' Relief Soc.* v. *Town of Woodbury*, 230 App. Div. 228, affd. 256 N. Y. 619).

But the void eviction provisions of subdivisions d and e are not the whole of the local law. The rent fixing provisions of subdivision c remain to be discussed. Whether subdivision c can stand alone or must fall with subdivisions d and e is a question to which we now turn in the light of the separability clause found in subdivision o. This question is one of legislative purpose, namely: Would the city council have enacted the local law if it had been aware that the eviction provisions were invalid? The answer does not turn upon the division of the local law into sections or subdivisions. We have set forth the text of the local law at some length earlier in this opinion. As we read that text, the restrictions upon the right to evict tenants and the restrictions upon rent increases were regarded by the city council as being equally essential to the declared purpose of their local law. Hence the one set of restrictions cannot be separated from the other except by a remodeling of the law on a scale which, as we believe, would be beyond the judicial power (see *People ex rel. Alpha Portland Cement Co.* v. *Knapp*, 230 N. Y. 48).

The foregoing considerations are decisive of this case. Accordingly we express no opinion as to other constitutional questions that have here been argued.

The order should be reversed, without costs, and the matter remitted to the Municipal Court of the City of New York for further proceedings not inconsistent with this opinion.

LEWIS, CONWAY, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Order reversed, etc.