TEEVAL CO. INC., Plaintiff, *v.* EDWIN STERN, JR., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, May 1, 1950.

*Alfred J. Callahan* for defendant.

*Robert S. Fougner* for plaintiff.

LYMAN, P. J.   This is an action to recover the difference in rent between that allowed by the laws of the State of New York and that allowed by the Federal Office of Housing Expediter which had granted an increase to the landlord on September 27, 1949.   The defendant has moved to dismiss the complaint for legal insufficiency.

The State law now under attack was enacted on March 29, 1950 (L. 1950, ch. 250).   Its effect was to invalidate the increase granted to the landlord by the Housing Expediter in that it protects the tenant from eviction by reason of failure to pay such increase.

In the main the features of the State law are the same as Local Law No. 73 of 1949 of the City of New York which is known as the Sharkey Law.   That law was held unconstitutional by the Court of Appeals (*F. T. B. Realty Corp.* v. *Goodman,* 300 N. Y. 140) because it was violative of the limitations of the Home Rule Amendment of the State Constitution (N. Y. Const., art. IX, § 12) in that it contained provisions inconsistent with then existing State law.   The present law eliminates that defect.

The major grounds of attack on the present law are that it is violative of the Constitution of the United States in that it deprives the landlord of property without due process of law (U. S. Const., 14th Amendt., § 1) and it is in conflict with Federal law which controls under the Supremacy Clause of the United States Constitution (U. S. Const., art. VI).

These same questions were raised in the attack on the Sharkey Law but were not passed upon by the Court of Appeals in its decision in that case (*F. T. B. Realty Corp.* v. *Goodman, supra*) because a determination of those questions was not essential to its ruling on the invalidity of the local law of New York City. In the present action the questions are squarely presented to this court and this court rules that the State law now under attack is constitutional.

In arriving at its conclusion this court is guided by the principles expressed by Judge Pound, who in an opinion passing on the constitutionality of the rent laws after World War I said: " The legislative or police power is a dynamic agency, vague and undefined in its scope, which takes private property or limits its use when great public needs require, uncontrolled by the constitutional requirement of due process. Either the rights of property and contract must when necessary yield to the public convenience, advantage and welfare, or it must be found that the state has surrendered one of the attributes of sovereignty for which governments are founded and made itself powerless to secure to its citizens the blessings of freedom and to promote the general welfare." (*People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429, 442–443.)

Motion to dismiss as prayed for is granted solely on the ground that this court rules the statutes are constitutional.