Schreiber, J.
Respondents tax commissioners of the City of New York move for an order dismissing the proceedings to review the real estate tax assessments on premises 749 Broadway, borough of Manhattan, New York City, for the tax year 1953-54, on the ground that the application for correction of this assessment, filed by petitioner on March 3, 1953, was fatally defective. Under section 163 of the blew York City Charter, as *577 amended, the petitioner herein was required to file a verified statement clearly specifying all income received and all expenses paid in the operation of the property during the calendar year preceding the date of the application. This petitioner failed to set forth the income and expense. It does state the amount of rent paid by petitioner, the lessee, to the owner-lessor of the property, but the column headed “ Expenses ” is not filled in except that the “ grand total of all expenses ” is stated to be “ $0.”, and no income is shown.
Section 163 of the charter makes it a prerequisite to file this statement if a review of the final determination of the tax commissioners is sought. Respondents urge that the filing of the application, as prescribed in the charter, is a condition precedent to a right to review and that the failure to comply bars the court from reviewing the assessment for the year herein involved and requires a dismissal of the proceedings.
On petitioner’s request, a personal hearing was held by the tax commissioners and, as is customary, all prior proceedings were also reviewed. The commissioners at that time did not object to the sufficiency of the application.
After this hearing, the proceeding for the year 1953-54 was begun, and all prior proceedings were consolidated therewith and a note of issue filed for the December, 1953, term. In April, 1954, a pretrial hearing was held. An offer of settlement was made covering all the years for which proceedings had been instituted. This offer was accepted by the petitioner. Up to this time no question of the sufficiency of the application and the defectiveness of the statement was raised. Later, the offer was withdrawn and the petitioner advised that the 1953-54 application was defective. This motion to dismiss those proceedings followed.
Petitioner urges that, even if the application was defective, the action of the commissioners in granting a hearing waived the defect. This would be so if the defect were procedural. If the omission to file the statement constituted a jurisdictional defect, there was no waiver.
Local Law No. 128 of 1952 of the City of New York, amending section 163 of the New York City Charter, required the application for correction of assessments to specify clearly the following matter :
“ (1) the objection thereto and the grounds for such objection:
“ (2) where such application alleges illegality it shall specify the grounds of the alleged illegality, or where such application alleges errors by reason of over-valuation it shall state the extent *578 of such over-valuation, or where such application alleges inequality it shall specify the instances in which such inequality exists and the extent thereof:
“ (3) except in the case of multiple * * * dwelling * * * all income received or accrued and all expenses paid or incurred in the operation of the property during the calendar . year preceding the date of the application * * *
“ The filing of an application in the manner and form hereinabove prescribed shall be a prerequisite to the review of a final determination of the tax commission as provided in section one hundred sixty-six. ’ ’ The matters embraced in numbers (1) and (2) are consistent with the provisions of section 166-1.0 of the Administrative Code, the law which contains the jurisdictional requirements of a petition to review an assessment.
Apparently, we have here an attempt by the city to restrict the jurisdiction of the Supreme Court in reviewing tax proceedings, for Local Law No. 128 provides that, if no statement of expense and income is filed, no review by the court is permitted.
Section 2 of article XVI of the State Constitution reads: “ The legislature shall provide for the supervision, review and equalization of assessments for purposes of taxation. Assessments shall in no case exceed full value. ’ ’
Clearly, this provision means that the State Legislature controls the review of real estate tax assessments.
Section 12 of article IX of the State Constitution empowers every city to adopt and amend local laws not inconsistent with the Constitution and laws of the State relating to its property, affairs, or government, and provides as to the subjects with respect to which it may legislate, viz., “ the collection and administration of local taxes authorized by the legislature ’ ’. It is further provided in this section that no city shall ‘ ‘ repeal or supersede any law enacted by the legislature relating to * * * the maldng and review of assessments ”. Section 11 of the City Home Rule Law provides that local assessments be reviewed by the court as provided by law. It thus appears clearly that cities are empowered by the Constitution and City Home Rule Law to enact laws relating to the collection and administration of local tax assessments, but may not supersede any State law as to the reviewing of same by our courts.
The organization of the courts and procedure therein are exclusively the State’s concern. Cities may not curb or control the jurisdiction or procedure of courts. The local law here enacted runs afoul, therefore, of the Home Rule Amendment of *579 the State Constitution and the statutory provision relating to tax assessments (F. T. B. Realty Corp. v. Goodman, 300 N . Y. 140; Matter of Tartaglia v. McLaughlin, 190 Misc. 266, affd. 273 App. Div. 821; Matter of Siracusa, 125 Misc. 882; Gennis v. Milano, 135 Misc. 209).
The court is, therefore, constrained to hold that the failure to file the statement of expenses with the application is a procedural defect and not jurisdictional. Under the Administrative Code, a legislative enactment, this court acquired jurisdiction to entertain the tax proceedings upon the presentation of the petition which clearly states the grounds of objection. Local Law No. 128, which denies the right to a court review unless the statement of expenses and income be given, is inconsistent with the Administrative Code and therefore invalid under the Constitution and the City Home Buie Law.
The motion to dismiss the petition is in all respects denied.