Eugene L. Brisach, Spec. Ref.
This is a motion to amend, nunc pro tunc, the title of the petition to review the assessments for the tax year 1961-62 on premises known as 215-217 West 48th Street, in the Borough of Manhattan, City and State of New York (Block 1020, Lot 17) so as to read Florence Ramo, as agent for Kathrin Grant Verney and David Arthur Grant Thesiger; Kathrin Grant Verney and David Arthur Grant Thesiger, petitioners, against the Tax Commission of the City of New York, respondents, and also to amend, nunc pro tunc paragraph First of said petition so as to allege that the petitioner Florence Ramo is the duly authorized agent of the owners of the subject property, under a power of attorney executed by said owners and contained in an agreement (copy of which is attached to the moving papers) dated April 25, 1960 wherein it appears that the said Florence Ramo was appointed agent ■for the owners with power and authority to do and perform any and all acts and things which the owners of the property could do “if present and acting.”
During the trial of the tax years 1961-62,1962-63 and 1964 — 65 the respondent raised the question of ownership of the property involved inasmuch as it appeared in the petition for the tax year 1961-62 that Florence Ramo was designated as owner. The Trial Justice stated that he held a decision affecting the year 1961-62 in abeyance pending determination as to ownership, authorized agency or lack of same. The question posed is whether the court has power to grant the amendments sought or whether the omission to file a power of attorney is fatally defective so as to deprive the court of jurisdiction to entertain the proceeding under review.
Section 163 of the New York City Charter provides, in pertinent part, as follows: “ § 163. Application for correction of assessment for taxation. During the time that the books of annual record of the assessed valuation of real estate are open for public inspection, any person or corporation claiming to be aggrieved by the assessed valuation of real estate may apply for correction of such assessment. Such application shall be duly verified by a person having personal knowledge of the facts stated therein, provided that if the application is signed by someone other than the person or an officer of the corporation claiming to be aggrieved the application must be accompanied by a duly executed power of attorney as prescribed by the rules and regulations of the tax commission and shall specify clearly the following matters * * *.”
It must be borne in mind that the statutes relating to the review of assessments are remedial in character and should be *125 liberally construed to the end that a taxpayer’s right to have his assessment reviewed should not be defeated by a technicality.
The powers granted under the agreement of April 25, 1960 to the said Florence Eamo allow her as ‘ ‘ agent to sign and file applications for correction of the assessed valuation of real estate, and to appear before the Tax Commission — on such applications upon property located at 215-217 West 48th Street, Block 1020, Lot 17, in the Borough of Manhattan.”
Under a liberal interpretation of this language the court is constrained to hold that Florence Eamo was and is the duly authorized agent of the owners empowered to do all things necessary to obtain a correction of the assessment for the tax year 1961-62. The requirement for a power of attorney seems to be a procedural provision designed to prevent, among other things, unauthorized appearances. (See Matter of 749 Broadway Realty Corp. v. Boyland, 1 Misc 2d 575; Matter of Delaware, Lachawanna & Western R. R. Co. v. Assessors of City of Binghamton, 12 A D 2d 852; MacPherson v. Boyland, N. Y. L. J., July 9,1956, p. 4, col. 5.)
The court clearly is clothed with the power to correct mistakes, defects and irregularities under the provisions of sections 104 and 2001 of the CPLR at any stage of the proceedings.
Motion is granted to the extent prayed for.