Joseph A. Bbitst, J.
The plaintiffs, a tenants’ organization (Tenants) move for summary judgment to declare section 4 of Local Law No. 24 (labor pass along), which was enacted by the New York City Council in June, 1973, null and void ah initio and to permanently enjoin its enforcement by the defendant City Bent Commissioner (Commissioner). The companion motion, seeking identical relief, is brought by two individual plaintiffs who are tenants in rent-controlled housing in New York City. Parkchester Management Corp., intervenor-defendant (Intervenor), a realty management corporation, opposes the tenants’ motion and cross-moves for a declaration of section 4’s validity and to compel its implementation by the Commissioner. The two actions are consolidated for disposition pursuant to CPLB 602 (subd. [a]), there being common questions of law .and fact. The actions are brought as class actions pursuant to CPLB 1005.
Section 4 affects tenants residing in rent-controlled housing within the City óf New York as well as the Intervenor, as representative of property owners or managers of rent-controlled housing. The expressed purpose of the council in enacting Local Law No. 24 was the repeal of Local Law No. 30 of 1970, the'Maximum Base Bent Law (MBB). Local Law No. 24 has five sections which are summarized as follows: section 1, expressed the intent to grant interim relief to tenants during the pendency of a city request to repeal the vacancy decontrol law; section 2, froze MBB collections at present levels but barred biennial recalculation of a new January 1974 MBB; *861 section 3, repealed the 8%% net annual return “ hardship ” formula, substituting therefor the former 6% net return formula; section 4, repealed the so-called Mini-hardship (payroll) increase which was to have been effective on January 1, 1972, and substituted instead a 4% labor recoupment which was collectible automatically upon the filing of a report with the City Bent Agency; and section 5, reinstated the interim or first phase of MBB but further provided that the total rent increases for labor recoupment plus net annual return could not exceed 15% within a two-year period.
Sections 2 and 3 were invalidated as violative of chapter 372 of the Laws of 1971 (the “ Freeze Law ”). (210 East 68th St. Corp. v. City Rent Agency, 43 A D 2d 687, affd. 34 N Y 2d 560.) The “ Freeze Law ” prohibited the enactment of any local rent law or ordinance which by its terms was more restrictive than that in effect on June 1, 1971. Neither the Court of Appeals nor the Appellate Division, however, ruled on the validity of the labor pass along section, as it was not at issue.
A preliminary injunction barring the City Bent Agency from implementing the disputed section 4 was issued herein on May 22, 1974, and this determination was sustained by the Appellate Division on July 2, 1974.
The City Council, on June 12, 1974, enacted Local Law No. 17 which included the following pertinent provisions: (a) it expressedly declared the council’s policy in passing Local Law No. 24 was that if any section was ruled invalid, the entire law would be considered invalid; (b) it repealed outright section 4 of Local Law No. 24; and (c) it reinstated the pre-1973 “ Mini-hardship ” (payroll) section. This repealer mandated refunds of rent increases collected from January 1, 1974 to June 11, 1974, under the repealed “ labor pass along ”.
On appeal of the decision granting the preliminary injunction herein, the intervenor urged the Appellate Division to rule on the validity of Local Law No. 17. The court refused to do so on the ground that the repealer was not properly before it.
In the case at bar, the tenants argue that section '4 is invalid ‘because it was so inextricably interwoven with the invalidated sections 2 and 3, that it, likewise, became invalid. The tenants urge that, unlike previous rent control legislation, Local Law No. 24 contained no separability clause, hence, there was no “ saving ” of section 4 from invalidity. The clear legislative intent, argue the tenants, was repeal of MBB in toto and the enactment of Local Law No. 24 as a substitute. Ergo, with the excisement of sections 2 and 3 by the court, reason the tenants, *862 section 4, constituting an integral part of the whole, did not survive. The tenants further contend that a finding of invalidity of any part of the law in question so vitiated every other part as to render the law invalid in its entirety.
In rebuttal, the intervenor counters that the 4% labor pass along was a clear accommodation to the real estate industry, designed to prevent a threatened strike by building service employees. Assuming that section 4 was a valid and subsisting law prior to its legislative repeal, urges the intervenor, an attempted retroactive repeal and the authorization of refunds retroactively amount to a retroactive confiscation of property. The intervenor argues further that Local Law No. 17 of 1974, which included, inter alia, an express clause granting refunds retroactively, is invalid. The intervenor contends that the repealer was intended to be prospective only in its application, as a contrary construction would violate the State Freeze Law.
The Commissioner’s argument generally supports the tenants’ position that the labor pass along became invalid sua sponte when the court invalidated sections 2 and 3. He further urges that the validity or invalidity of labor pass along should not be tied to the threatened building service employees’ strike.
We hold that section 4 (labor pass along) was, in fact, so intertwined and concomitant upon the two invalidated sections remaining in force that the said disputed section was, for all intent and purposes, rendered invalid from the date the other sections were declared invalid; i.e., ab initio.
In attempting to accurately construe vague or ambiguous legislation, the courts must endeavor to determine legislative intent. Legislative intendment, however, is ofttimes elusive and rarely lends itself to a facile determination. The court, therefore, must consider all of the attendant facts and circumstances existing at the time of legislative deliberations.
Declaring its intention to correct what it deemed glaring inequities under MBR, the council repealed MBR and substituted therefor another mode for granting rent increases, which, it felt, would be more equitable to both the tenants and the real estate industry. When Local Law No. 24 was enacted, its primary purpose was repeal of MBR. At the same time, it sought to enact a workable substitute for MBR, including a new labor pass along provision. Conceding that a labor strike was threatened at the time of Local Law No. 24’s passage, this fact per se does not negate the clear and obvious council intent, namely, to repeal MBR and to provide a substitute therefor (see Report *863 of Council Housing Committee, dated May 17, 1973). A careful reading of the law and the council reports leads unquestionably to the conclusion that the subject law was intended to be read in pari materia, with each section thereof dependent upon and appended to every other section. .Had the legislators intended a different construction, such as urged by the intervenor, section 3, in providing for a 6% net return plus the controverted 4% labor pass along, would have resulted, in many instances, in increases totaling as much as 10% per year, or 20% in a two-year period. Such increases, however, would be in contravention of section 5, which limited total two-year increases to a 15% maximum. A contrary construction would clearly subvert and distort the legislative intent as to lead to absurd and unexpected results (see Matter of Chatlos v. McGoldrick, 302 N. Y. 380). To attempt to dichotomize the law in the manner urged by the intervener would mean the excisement of its main thrust — repeal of MBB — and retention of a part thereof which is purely auxiliary. Such a construction offends both logic and reasoning.
The lack of a separability clause is not, in our judgment, controlling, though it is useful in shedding some light on legislative aim. (See Holy Trinity Church v. United States, 143 U. S. 457, 472; Matter of Chatlos v. McGoldrick, supra.) However, we are not persuaded by intervenor’s argument that the separability clause found in the 1962 rent control law is a “ general ’ ’ separability clause that can “ save ” section 4. We cannot agree with intervenor’s interpretation of the ruling regarding separability in Teeval Co. v. Stern (301 N. Y. 346). Concededly, the court in Teeval ruled section 13-a of the State Emergency Housing Bent Control Law (L. 1946, eh. 272, as amd. by L. 1950, ch. 250) invalid but sustained the validity of the remainder of that law. However, the section ruled invalid was an attempted usurpation of jurisdiction of the Municipal Court of New York City to adjudicate claims for rent arrears accrued under previous Federal law. This ruling is patently inapplicable to the facts in the instant case, for it was the supremacy of Federal law that controlled in^ the cited case. Moreover, this lack of separability lends further weight to the conclusion that the legislative intent was to read Local Law No. 24 in pari materia (supra).
The intervenor’s contention that the provision in the repealer which mandated retroactive refunds of increases paid pursuant to section 4 is tantamount to a retroactive confiscation of property is also untenable. If, as we have determined, the labor *864 pass along was invalid from inception, moneys collected thereunder were moneys collected under an invalid law. To allow the landlords to retain said moneys would amount to unjust enrichment, as the landlords, initially, were not entitled to such increase. The invalidity of sections 2 and 3, .perforce, reinstituted MBR as if sections 2 and 3 were never enacted. It follows, therefore, that a determination of section 4’s invalidity resurrected any previous labor recoupment provision that was in effect prior to the ill-fated section 4.
In F.T.B. Realty Corp. v. Goodman (300 N. Y. 140), after the court had ruled the 1950 Sharkey Rent Freeze Law invalid as in violation of the State Constitution’s Home Rule Amendment, the Legislature thereafter, through an expressed declaration of legislative intent, validated the Sharkey Law, a situation clearly apalogous to the council’s action with regard to section 4. The fact that the increases under labor pass along were collected in good faith and in the belief of the law’s validity is of no moment. The fact of the law being void ab initio gives rise to the claimed refunds.
The validity of Local Law No. 17, which expressly repealed section 4 and declared the legislative intent to be that Local Law No. 24 was to be read in ftari materia and granted refunds retroactively, is not controlling herein as we have decided that the disputed section 4 is invalid ab initio for the reasons above set forth.
Accordingly, we find that section 4 of Local Law No. 24 is invalid ab initio; further, that the tenants who have paid increases under the invalid labor pass along section are entitled to refunds from January 1, 1974 to June 11, 1974; that the defendant Commissioner is permanently enjoined from implementing section 4. The intervenor’s cross motion is dismissed.