John D. Doyle, Esq. Monroe County Attorney
You inquire whether a county by local law may establish administrative tribunals for the disposition of traffic infractions.
Section 155 of the Vehicle and Traffic Law provides for those courts and judicial officers having jurisdiction of traffic infractions to continue in such capacity. An exception is carved out for cities having a population in excess of 250,000 and in portions of Suffolk County for which a district court has been established. In those parts of Suffolk County and in eligible cities, administrative tribunals may be established locally to dispose of traffic infractions. You ask whether section 155 has been rendered a special act in its application to counties and whether a county by local law may establish administrative tribunals to dispose of traffic infractions.
Counties and other local governments are empowered to enact local laws not inconsistent with the Constitution or general laws in relation to their property, affairs and government and in other specified areas (Municipal Home Rule Law, § 10 [1][i][ii]). Section 155 is a special law for purposes of home rule power under the Municipal Home Rule Law (for definition of the terms "general law" and "special law" see Municipal Home Rule Law, § 2 [5] [12] and 1980 Op Atty Gen [Inf] ___, June 5, 1980). Local governments may not supersede a state statute, whether general or special, if the proposed local law applies to or affects the courts as provided by Article VI of the Constitution (Municipal Home Rule Law, § 11 [1] [e]; Constitution, Article IX, § 3). We note that there is a similar restriction upon charter enactments (Municipal Home Rule Law, § 34 [2] [f]).
The State Legislature has the power to regulate jurisdiction and proceedings in the courts (Constitution, Article VI, § 30). Section 155 of the Vehicle and Traffic Law deals with the jurisdiction of the courts to dispose of traffic infractions. The local law you propose would supersede section 155 by authorizing the transfer of jurisdiction over traffic infractions from the Courts to administrative tribunals. We believe that the local law would come squarely within the restriction of Municipal Home Rule Law, § 11 (1) (e). We conclude that a county may not by local law establish administrative tribunals to dispose of traffic infractions. (See, Broadway Realty Corp. v Boyland, 1 Misc.2d 575, affd 1 A.D.2d 819 affd N Y 2d 737 [1957]).
You cite an opinion of the Attorney General which concludes that a county by charter law may transfer the administration and operation of its jail from the sheriff to a commissioner of corrections and in so doing supersede the Correction Law, § 500-c (1979 Op Atty Gen [Inf] 209). The reasoning was that the proposed charter law was within the scope of authority granted by section 33 of the Municipal Home Rule Law and was not restricted by section 34. The proposed charter law examined in the 1979 opinion is distinguishable, because it was not restricted as in the proposed administrative tribunal.
We conclude that a county may not supersede section 155
of the Vehicle and Traffic Law by local law to establish administrative tribunals to dispose of traffic infractions.