WHOLESALE LAUNDRY BOARD OF TRADE, INC., et al., Appellants, *v.* CITY OF NEW YORK, Respondent.

NEW YORK STATE RESTAURANT ASSOCIATION, INC., et al., Appellants, *v.* CITY OF NEW YORK et al., Respondents.

First Department, December 11, 1962.

*Myron P. Gordon* of counsel (*David M. Bluestone, Jacob N. Kliegman* and *Stanley Israel* with him on the brief; *Bluestone & Kliegman,* attorneys), for Wholesale Laundry Board of Trade, Inc., and others, appellants.

*Godfrey P. Schmidt* for New York State Restaurant Association, Inc., and others, appellants.

*Seymour B. Quel* of counsel (*John F. Kelly, Pauline K. Berger, George H. P. Dwight* and *Bernard Friedlander* with him on the brief; *Leo A. Larkin,* attorney), for City of New York, respondent.

*Kenneth W. Greenawalt* of counsel (*Raymond T. Munsell* with him on the brief; *Davies, Hardy & Schenck,* attorneys), for Commerce and Industry Association of New York, Inc., *amicus curiæ.*

*Charles W. Merritt* of counsel (*Gerard A. Navagh* with him on the brief; *Lord, Day & Lord,* attorneys), for New York Chamber of Commerce, *amicus curiæ.*

STEUER, J. The two appeals herein considered are from orders of Special Term denying plaintiffs' applications for injunctions *pendente lite.* The actions seek declaratory judgments to the effect that the New York City Minimum Wage Law (Local Laws 1962, No. 59 of City of New York) is invalid. It is contended by both appellants and respondent that the only question presented is the validity of the local law and that no other or subsidiary question peculiar to the injunctive process is presented.

The local law in question provides that after its effective date every employer in the City of New York shall pay to his employees a wage of not less than $1.25 an hour and that on and after one year subsequent to the effective date the minimum wage shall be not less than $1.50 an hour.

Plaintiffs challenge this enactment on two grounds: first, that the city is not authorized by virtue of section 12 of article IX of the State Constitution (the Home Rule section) or any other section to enact a statute of this character; second, that the local law is invalid because it is inconsistent with State-wide legislation on the same subject.

The first contention involves the question of whether or not permission to legislate in this field is granted by virtue of the

constitutional grant in regard to police powers. In the view we take, we do not reach this question. The constitutional grant is limited to legislation not inconsistent with the laws of the State. It is implemented by the City Home Rule Law (L. 1939, ch. 867, amdg. L. 1924, ch. 363). This statute contains the following provision: " Nothing contained in this section shall be deemed by implication or otherwise to authorize an amendment or repeal of any provision of the labor law ''. (§ 11, subd. 4.)

The restriction is also treated in the section on restrictions (§ 21) which denies authority to local legislative bodies to enact a statute which " supersedes a state statute '' in that it " [a]pplies to or affects any provision of the labor law '' (subd. 5).

Consequently, any purported enactment which offends in this connection lacks authorization and is invalid regardless of whether it might be embraced within the general powers granted to the municipalities by the Constitution.

We conclude that the proposed legislation is inconsistent with article 19 (§§ 650–665) of the Labor Law (added by L. 1960, ch. 619) also called the Minimum Wage Act. This act (§ 652, as amd. by L. 1962, ch. 439) provides a minimum wage of $1 per hour for the period October 1, 1960, to October 15, 1962; thereafter, and until October 15, 1964, a minimum wage of $1.15 an hour; and thereafter a wage of $1.25 an hour. As to each period, there is a provision that the wage is to prevail unless another wage is established in accord with the provisions of the article. Succeeding sections (§ 653 *et seq.*) provide for an investigation by the Industrial Commissioner whether the wages paid in any occupation in accordance with the provisions of the law are adequate. If the Commissioner has reason to believe that the minimum wage in any occupation is inadequate, he is directed to appoint a wage board to inquire into the question and make recommendations. These recommendations may vary as to locality within the same occupation (§ 656). After receipt of the wage board's findings and after provisions for hearing and review, a new and higher wage in the particular occupation and locality may be fixed by the Commissioner.

That is the State-wide legislation in the field and the question is whether the local law supersedes the State statute. It is the city's contention that a statute which extends but does not run counter to the State statute is not interdicted. Generally speaking, local laws which do not prohibit what the State law permits nor allow what the State law forbids are not inconsistent (*People* v. *Lewis*, 295 N. Y. 42). Thus, penal statutes in which the local law provides a greater penalty are not void

for this reason (*People* v. *Lewis, supra*). However, where the extension of the principle of the State law by means of the local law results in a situation where what would be permissible under the State law becomes a violation of the local law, the latter law is unauthorized (*Jewish Consumptives' Relief Soc.* v. *Town of Woodbury*, 230 App. Div. 228, affd. 256 N. Y. 619).* Here, that is plainly the case. The local law forbids a hiring at a wage which the State law permits and so prohibits what the State law allows. Semantic exercises in this connection cannot change the concept.

Furthermore, it is entirely clear that the State law indicates a purpose to occupy the entire field. And where that is found, local laws are prohibited (*People* v. *Lewis, supra*, p. 51). This is not only to be deduced from the restriction on any law that supersedes any provision of the Labor Law (City Home Rule Law, § 21), which indicates a general State policy to make the provisions of that law free from interference by local authorities. It is also, and more specifically, found in the State Minimum Wage Law itself. The provisions for amendment of the wage fixed formulate an elaborate machinery for the determination of an adequate wage in any occupation and in any locality, including the City of New York. It can hardly be argued that the State statute does not occupy the field. Nor can it reasonably be claimed that, after the fixation of a minimum wage according to the terms of the State law, the local law, if given recognition, would not, in terms, supersede the State statute. As the ban in such an instance is absolute, the local law is found to be invalid.

The orders denying temporary injunctions should be reversed on the law and the motions granted, without costs.

Botein, P. J., Breitel, Rabin and Eager, JJ., concur.

Orders, entered on November 9, 1962, denying temporary injunctions unanimously reversed, on the law, and the motions granted, without costs. Settle order on notice.

---

* We have not overlooked the decision in *People* v. *Sampsell* (248 N. Y. 157) relied on by the city. In that case the Court of Appeals, in affirming the reversal by the County Court of a Municipal Court conviction, stated without discussion that an ordinance of the City of Dunkirk forbidding the willful blocking of a street by a railroad train was not rendered unlawful by a section of the Penal Law which dealt with the same subject matter but prescribed a shorter period of time. We are unable from the opinion or any other source to determine the ground upon which the ordinance was upheld. It could well have been on the ground that the State statute was meant to apply to thoroughfares other than those affected by the ordinance. In any event, we believe the holding to have been clarified or limited by the subsequent decisions referred to.