Richard Allen Siegel, Esq. Village Attorney, Sea Cliff
You inquire whether the Village of Sea Cliff by local law may require applicators of pesticide to obtain a permit prior to any spraying in the village. The sole purpose of the proposed local law is to permit the village to notify residents in the area of the spraying, so that health and property can be protected.
A village may adopt local laws relating to the government, protection, order, conduct, safety, health and well-being of its persons or property. The local laws must be consistent with the Constitution and with general State laws (Municipal Home Rule Law, § 10 [1] [ii] [a] [12]). A local law is inconsistent if it prohibits what general State law permits, or allows what general State law forbids (Wholesale Laundry Boardof Trade v City of New York, 17 A.D.2d 327, 329 [1st Dept, 1962], affd12 N.Y.2d 998 [1962]; People v Lewis, 295 N.Y. 42 [1945]). Further, local laws may not be adopted, if State law indicates a purpose to occupy the entire field to the exclusion of local legislation (Wholesale LaundryBoard of Trade v City of New York, supra).
The Commissioner of the State Department of Environmental Conservation has jurisdiction of all matters pertaining to the distribution, sale, use and transportation of pesticides (Environmental Conservation Law, § 33.0303 [1]). Article 33 of the Environmental Conservation Law governs the sale, purchase and use of pesticides and authorizes regulations by the Department, which are in 6 NYCRR, Parts 325 and 326. The statutes and regulations govern use of pesticides (6 NYCRR 325.2), require commercial applicator certification and authorize revocation of applicator certification for improper use of pesticides (§ 33-0905;6 NYCRR 325.18), require businesses engaged in the commercial application of pesticides to register with the Department, authorize revocation of registration for improper use of pesticides (6 NYCRR 325.23), define restricted pesticides, and require a person desiring to sell or purchase restricted pesticides to obtain a commercial permit subject to revocation for specified reasons, including improper use (6 NYCRR Part 326).
We find no State statute or regulation relating to notification of residents in the spraying area. However, there is an express declaration that State law exclusively governs the distribution, sale, use, and transportation of pesticides (§ 33.0303 [1]). State law has preempted the field to the exclusion of local law (Wholesale Laundry Board of Tradev City of New York, supra; Long Island Pest Control v Town ofHuntington, 72 Misc.2d 1031 [Sup Ct, Suffolk Co, 1973] affd, no opinion,43 A.D.2d 1021 [2d Dept, 1974]; 1978 Op Atty Gen 44).
Any violation of law by pesticide applicators should be brought to the attention of the Department of Environmental Conservation. The extensive regulatory framework is designed to punish offenders through license revocation and fines (Environmental Conservation Law, Title 29).
We conclude that a village may not require pesticide applicators to obtain a permit prior to spraying in the village. The distribution, sale, use and transportation of pesticides is exclusively governed by State law.