Honorable Joseph Gerace Commissioner Department of Agriculture and Markets
Your Department has asked whether a local government may enact a local law that duplicates and in some respects varies the provisions of Article 7 of the Agriculture and Markets Law relating to the regulation of dogs.
Article 7 specifically provides that "no municipality shall vary, modify, enlarge or restrict" the provisions relating to identification, licensing, rabies vaccination and euthanization (Agriculture and Markets Law, § 124[1]). We believe that this language is indicative of a State policy to place these subjects outside the legislative authority of local governments (Wholesale Laundry Bd. of Trade v City of New York,17 A.D.2d 327 [1st Dept, 1962], affd on op below 12 N.Y.2d 998 [1963]). Another indicator that State law is preemptive as to these subjects is the comprehensive and detailed regulatory system established by State law (ibid.; People v DeJesus, et al., 54 N.Y.2d 465 [1981]). (See Agriculture and Markets Law, §§ 109-111 for licensing regulations; § 112 for identification; § 109[3] for rabies vaccination and §§ 118 and 374 for euthanization.) Similarly, the remaining provisions of Article 7 are comprehensive and detailed regulations. See, for example, section 119, specifying violations and penalties; section 121, governing dangerous dogs; and section 125, mandating indemnification for dog damage. Municipalities are specifically authorized to enact local laws or ordinances regulating the keeping or running of dogs at large (id.,
§ 124[1]). Alternative local regulations in certain areas are specifically delineated (e.g., id., §§ 114[2], 115[2] and 118[8]). In other areas, municipalities are granted the authority to act by local option in accordance with defined standards (e.g., id., §§ 117, 122, 123 and 124[1]).
We believe that the detailed regulatory framework of Article 7, expressly permitting local regulations only in certain limited areas, evidences a legislative intent that the State law is preemptive (Wholesale LaundryBd. of Trade v City of New York, supra; People v DeJesus, et al.,supra). Additionally, we believe there is an overriding State interest in the licensing and identification of dogs, the control and protection of the dog population and the protection of persons, property, domestic animals, and deer from dog attack and damage. The nature of the subject matter being regulated and the lack of any real distinction between any particular locality and other parts of the State regarding the regulated activity is further evidence that the provisions of Article 7 are preemptive (ibid.). A local government is precluded from legislating with respect to preempted subjects without clear and explicit authority to the contrary (People v DeJesus, et al., supra).
We conclude that State law has preempted the field of dog control. Local regulation of certain subjects is specifically authorized by Article 7 of the Agriculture and Markets Law.