Gerald A. Keene, Esq. Village Attorney, Waverly
You have asked whether a village is authorized to adopt a local law providing that sellers of alcoholic beverages in the village require two forms of identification, one with a picture, as proof that the customer has attained the legal age for purchase of such beverages and penalizing persons who use deceit to illegally obtain alcoholic beverages.
We have not found any provision in the Alcoholic Beverage Control Law (ABCL) or in the rules of the State Liquor Authority requiring the presentation of identification cards as a condition of receiving alcoholic beverages. The only reference to identification cards is in section 65 of the ABCL, which prohibits inter alia the sale, delivery or gift of alcoholic beverages to persons under the age of nineteen years and was recently amended (L 1983, ch 850) to establish as an affirmative defense to a proceeding for violation of this provision that the person had produced an identification card apparently issued by a governmental entity or institution of higher education and that the alcoholic beverage had been sold, delivered, or given to such person in reasonable reliance upon such identification. The ABCL does penalize the presentation of false or fraudulent proof of age, providing that such a person may be charged with illegal purchase or with attempting to purchase illegally an alcoholic beverage (id., § 65-b).
The stated policy underlying the ABCL is regulation and control of the manufacture, sale and distribution within the State of alcoholic beverages for the purpose of fostering and promoting temperance and respect for and obedience to law (ABCL, § 2). It has been decided that the ABCL is pre-emptive (People v De Jesus, 54 N.Y.2d 465 [1981]). This conclusion was based upon a finding that the ABCL establishes a comprehensive and detailed regulatory system and the statement of policy in section 2 indicating that the "State made a studied decision that the problems to which the statute was directed * * * would be more effectively met not at the local community level but by state action alone" (id., pp 469-470).
We believe that the subject matter of the proposed local law clearly is within the stated purpose of the ABCL, to promote temperance and obedience to law. Further, the ABCL includes a provision prohibiting the presentation of false proof. In prohibiting the sale or delivery of alcoholic beverages to minors, an affirmative defense has been established for reliance upon specified forms of identification. Thus, the statute indirectly has established preferred forms of proof. From this we conclude that the proposed local law falls within the ambit of the subject matter covered by the ABCL and is, therefore, pre-empted. Local laws are prohibited in areas pre-empted by the state (WholesaleLaundry Board of Trade v City of New York, 17 A.D.2d 327 [2d Dept, 1962], affd without opn 12 N.Y.2d 998 [1965]; People v De Jesus, supra.
We conclude that a proposed local law requiring that specified forms of proof of age be provided as a condition to the sale or delivery of alcoholic beverages and penalizing persons who use deceit to illegally obtain alcoholic beverages has been pre-empted by the Alcoholic Beverage Control Law.