OPINION OF THE COURT
John G. Connor, J.
The issue herein presented is whether ECL 23-2703 (subd 2) preempts local municipalities from legislating and regulating the excavation mining industry.
Petitioner herein is in the business of mining sand and gravel located in the Town of Smithtown (Town). The Town filed an ex parte request with respondent, requesting a formal declaratory ruling as to whether their Town ordinance (art 30, par 3-C) entitled “Town Regrading and Excavating Ordinance” was preempted by ECL 23-2703 (subd 2). In response to the Town’s request, the respondent issued a declaratory ruling holding that the Town ordinance was not in contravention of ECL article 23 (tit 27).
Subsequent thereto, petitioner petitioned respondent for a second declaratory ruling requesting reconsideration of the original declaratory ruling dated October 18, 1983.
ECL 23-2703 (subd 2) recites: “For the purposes stated herein, this title shall supersede all other state and local laws relating to the extractive mining industry; provided, *442 however, that nothing in this title shall be construed to prevent any local government from enacting local zoning ordinances or other local laws which impose stricter mined land reclamation standards or requirements than those found herein.”
Petitioner contends that both the declaratory rulings made by the respondent allowing the Town to legislate and control mining is contrary to the case law precedent and ignores the plain language of the controlling State statute. Petitioner’s position is that the State statute herein preempts the local municipalities from legislating as to the extracting and excavating pertaining to mines itself. The petitioner further urges even if the court should find that the State statute does not preempt the Town from legislating upon extraction and excavating, the Town ordinance herein passed is inconsistent with the State law.
Article 30 of the Town Law of Smithtown entitled “Regrading and Excavating” passed by the Town herein provides, inter alia: “No contractor, agent or subdivider of property or property owner shall cause, allow or permit any general regrading, extracting or moving of earth products, or other excavating, as defined in this ordinance, to be done in the Town of Smithtown except in conformity with this ordinance.”
In reading the language of ECL 23-2703 (subd 2) said subdivision provides that this title shall supersede all other State and local laws relating to the extractive mining industry; thereafter the section limits the general subject matter with a proviso clause. The provisional clause states, “provided, however, that nothing in this title shall be construed to prevent any local government from enacting local zoning ordinances or other local laws which impose stricter mined land reclamation standards or requirements than those found herein.” Petitioner contends that the provisional clause limits the local municipalities from legislating, except to the extent that the local municipalities may pass such laws which will provide stricter laws as it pertains to “mined land reclamation” law (emphasis added).
Respondent contends that such interpretation is strained and that the provisional part of the subdivision applies not *443 only to mined reclamation standards, but also as it applies to the extractive mining industry. This court does not agree with this interpretation. If the provisional clause herein is as broad as the main subject matter it intends it would supersede, then such interpretation would in effect obliterate the original purpose of making the statement that “this title shall supersede all other state and local laws”. In section 212 of McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1) entitled “Provisos”, “[t]he words ‘provided, however’ in a statute are deemed to denote an expression of limitation or exception. Hence a statutory grant to which a proviso is annexed should be read as if no power was given other than that contained within bounds of the proviso.”
If a much broader interpretation of the provisional clause herein, allowing the Town not only to legislate as to stricter “mined land reclamation standards”, but also, allowing the Town to legislate as to mining itself, then 6 NYCRR 420.2 (c) which provides that it “shall be Statewide in application * * * [and] shall supersede all other State and local Laws relating to mining”, would have no purpose.
In Consolidated Edison Co. v Town of Red Hook (60 NY2d 99) the court held such preemption may be gleaned not only from the express language of the statute itself, but by its natural implication and use. The court stated (at p 105): “The intent to pre-empt need not be express. It is enough that the Legislature has impliedly evinced its desire to do so. (People v New York Trap Rock Corp., 57 NY2d 371, 378; Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679, 683; People v Cook, 34 NY2d 100,109.) A desire to pre-empt may be implied from a declaration of State policy by the Legislature (Robin v Incorporated Vil. of Hempstead, 30 NY2d 347, 350-351) or from the fact that the Legislature has enacted a comprehensive and detailed regulatory scheme in a particular area. (People v De Jesus, 54 NY2d 465, 469.)”
There must be authority which is clear and explicit. (See Robin v Incorporated Vil. of Hempstead, 30 NY2d 347, 350, 351, supra; Jewish Consumptives’ Relief Soc. v Town of Woodbury, 230 App Div 228, 234, affd 256 NY 619.)
*444 As in the Consolidated Edison case (supra) this preemption forecloses the Town’s right to adopt additional requirements or require additional conditions leading to its permission to act. (See Matter of Kress & Co. v Department of Health, 283 NY 55, 59.)
As the Court of Appeals pointed out in the Consolidated Edison case (supra, at p 107): “Even if the Legislature had not pre-empted the field of regulations, defendants’ authority to enact local laws under the Constitution or the Municipal Home Rule Law is conditioned on the exercise of such authority not being inconsistent with any State enactment. (People v De Jesus, 54 NY2d 465, 468, supra; McMillen v Brown, 14 NY2d 326, 331.)
Again at page 108 the court stated: “Inconsistency is not limited to cases of express conflict between State and local laws. (People v De Jesus, 54 NY2d 465, 468, supra.) It has been found where local laws prohibit what would be permissible under State law (Wholesale Laundry Bd. of Trade v City of New York, 17 AD2d 327, 329-330, 18 AD2d 968, affd 12 NY2d 998, on opn at 17 AD2d 327), or impose ‘prerequisite “additional restrictions’” on rights under State law (F.T.B. Realty Corp. v Goodman, 300 NY 140, 147-148), so as to inhibit the operation of the State’s general laws. (Matter of Marcus v Baron, 57 NY2d 862; Floyd v New York State Urban Dev. Corp., 33 NY2d 1, 7.)”
The Town ordinance herein applies not only to the mining industry, but to all excavations broad in nature. The State regulations pertain to mining and commercial use or sale of a 1,000-ton volume. The Town ordinance unfortunately covers and'regulates this same area.
The Town ordinance applies to all excavations whereas the State statute pertains to all mines from which 1,000 tons of minerals are to be removed. (See 6 NYCRR 420.2 [b].) As set forth in 6 NYCRR 420.2 (c) the State provisions shall be applied State-wide and shall supersede all other State and local laws relating to mining. As held in Wholesale Laundry Bd. of Trade v City of New York (17 AD2d 327, 330, supra), where the extension of principle of the State law by means of local law results in a situation where what could be permissible under the State law becomes a *445 violation of the local law, the latter law is unauthorized. (See Jewish Consumptives’ Relief Soc. v Town of Woodbury, 230 App Div 228, supra.)
The CPLR article 78 proceeding herein in asking this court to declare the two declaratory rulings a nullity is in the nature of a declaratory judgment.
Where the local statute infringes upon an area of regulations and its legislative intent is to be exclusive to the State, it is void from its inception. (See Matter of Ames v Smoot, 98 AD2d 216, 222.)
Based upon the recent decisional cases herein cited, the two declaratory rulings made by respondent are annulled.