Louis N. Kash, Esq. Corporation Counsel, Rochester
This is in reply to your request for an opinion as to whether the City Council of Rochester may adopt regulations banning all glass beverage containers in city parks.
The Constitution of the State of New York (Art IX, § 2[c][ii][10]), as implemented by the Municipal Home Rule Law (§ 10[1][ii][a][12]), authorizes local governments to adopt local laws relating to the government, protection, order, conduct, safety, health and well-being of persons or property therein. This is the delegation of the "police power" to local governments. The proposed city regulation has as its purpose prevention of injuries caused by broken glass and, therefore, would constitute an exercise of the police power.
There are limitations on this grant of authority. A municipality may not adopt local laws: (1) which are inconsistent with the Constitution or a general State law (Municipal Home Rule Law, § 10[1][ii]; ConsolidatedEdison v Town of Red Hook, 60 N.Y.2d 99 [1983]; People v Cook,34 N.Y.2d 100 [1974]; Wholesale Laundry Board v City of New York,17 A.D.2d 327 [1962], affd 12 N.Y.2d 998 [1963]); and (2) where the Legislature has expressed an intent to preempt local legislation with respect to a given subject (Consolidated Edison v Town of Red Hook,supra; Wholesale Laundry Board v City of New York, supra; People vDeJesus, 54 N.Y.2d 465 [1981]; People v Cook, supra; Robin v IncorporatedVillage of Hempstead, 30 N.Y.2d 347 [1972]).
Where State law expresses a design to occupy an entire field, a local law within that field would be prohibited (Wholesale Laundry Board v City ofNew York, supra; People v Cook, supra). A desire to preempt may be deduced either from (1) a declaration of State policy by the Legislature (Robin v Incorporated Village of Hempstead, supra); or (2) the fact that a comprehensive and detailed regulatory scheme in a particular area has been enacted by the Legislature (People v DeJesus, supra).
Title 10 of Article 27 of the Environmental Conservation Law is the State Returnable Container Act. Its provisions require that specified beverage containers sold or offered for sale in New York State have a refund value of not less than a specified amount (id., § 27-1005). In section 27-1001, the legislative findings state:
 "* * * litter composed of discarded soft-drink, beer and ale bottles and cans is a growing problem of state concern and a direct threat to the health and safety of the citizens of this state. Discarded beverage bottles and cans create a hazard to vehicular traffic, a source of physical injury to pedestrians, farm animals and machinery and an unsightly accumulation of litter which must be disposed of at increasing public expense."
Thus, the State Returnable Container Act has been designed to decrease litter to protect the environment and reduce the potential hazards of discarded beverage containers. The State law addresses problems perceived by the Legislature to be Statewide in scope. The Legislature expressly has eliminated the authority of local governments to regulate in this area by prohibiting, after the effective date of Title 10, the enactment, implementation, or enforcement of local beverage container control laws (Environmental Conservation Law, § 27-1017).
 "The provisions of this title shall not be construed so as to limit in any way the authority of political subdivisions of the state to enact, implement and enforce local beverage container control laws prior to but not after the effective date of this title." (Emphasis added.)
This is a clear statement of a legislative purpose to preempt the field.
In our view, the proposed Rochester regulation is not within the field that has been preempted. The State law has been fashioned to create an incentive for the return and recycling of beverage containers to reduce litter and disposal problems throughout the State. Rochester's proposal is to ban glass bottles from city parks. You have indicated that its purpose is to protect children and others using public parks from the hazards posed by broken glass. Children and others engaged in recreational activities are particularly vulnerable. The regulation is not aimed generally at resolving disposal problems as in the case of the State law. Instead it narrowly bans glass beverage bottles from city parks to eliminate the risk of accidental breakage and careless or intentional litter and the dangers posed to users of these facilities. Limited as it is to city parks, the regulation will not impair the operation of the State Returnable Container Act and presumably will have an insignificant impact on commerce.
We conclude that proposed city regulations banning all glass beverage containers in city parks to promote public health and safety have not been preempted by the State Returnable Container Act.