■ JANCYN MANUFACTURING CORP., Appellant, v COUNTY OF SUFFOLK, Respondent.—In an action for a judgment declaring Local Laws, 1980, No. 12 of the County of Suffolk to be invalid, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Balletta, J.), dated January 18, 1985, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint (see, Jancyn Mfg. Corp. v County of Suffolk, 126 Misc 2d 463).

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is granted and the defendant's cross motion for summary judgment denied, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment declaring Local Laws, 1980, No. 12 of the County of Suffolk to be invalid (see, Hirsch v Lindor Realty Corp., 63 NY2d 878, 881; Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74).

The plaintiff, the manufacturer of a cesspool additive known as "Drainz", commenced this action for a judgment declaring Local Laws, 1980, No. 12 of the County of Suffolk (hereinafter

Local Law No. 12) to be invalid. That law, which became effective on or about August 13, 1980 (Local Law No. 12 § 9), prohibits the sale of cesspool additives without prior approval by the Suffolk County Commissioner of the Department of Health Services (Local Law No. 12 § 3). To secure such approval, the person seeking to offer a particular additive for sale must submit scientific data demonstrating to the satisfaction of the commissioner that the product "will not adversely affect the groundwaters" (Local Law No. 12 § 4).

On September 28, 1980, less than two months after the effective date of Local Law No. 12, ECL article 39 became law (L 1980, ch 732, § 5). In substance, the State statute prohibits the sale and use of sewage system cleaning additives containing any of certain specified restricted chemical materials in concentrations in excess of one part per 100 by weight (see, ECL 39-0103 [3], [4]; 39-0105) in restricted geographical areas, which areas are defined to mean Suffolk County and Nassau County (see, ECL 39-0103 [5]). In addition, the statute empowers the New York State Commissioner of Environmental Conservation (see, ECL 1-0303 [4]), to promulgate regulations requiring manufacturers of these products to submit information regarding their chemical components and the nature and extent of research concerning their effects, if any, on groundwater (ECL 39-0107 [2]); the commissioner is further empowered to prohibit or restrict the sale and use of a product containing any ingredient other than one of the specified restricted chemical materials, where the commissioner finds, after investigation and public hearing, that such ingredient "is likely to have a dangerous, deleterious or injurious effect upon the public health or environment" in the restricted geographical area (ECL 39-0107 [3]).

In the instant case, the plaintiff sought the approval of the New York State Commissioner of Environmental Conservation for the sale of its products, Drainz and Super Drainz, in Suffolk County and Nassau County. By letter dated October 23, 1980, the department replied, in pertinent part, as follows:

"Article 39 places the basic responsibility, for determining whether sale of a sewage system cleaner or additive is or is not prohibited in Nassau or Suffolk County, on the manufacturer. Based on information you have supplied to this Department, and Nassau County Department of Health analysis of one can of your product, it would appear that your new formulations of Drainz and Super Drainz are not prohibited from sale under Article 39. However, these products have not

yet been approved for sale in Suffolk County in accordance with Local Law 12-1980.

"You have indicated that the new formulations will be identified by a 'sunburst' symbol on each can. Therefore, barring future Department findings to the contrary, the new formulations of Drainz and Super Drainz may be sold in Nassau County (and in Suffolk County, if and only if approved for sale by that County in the future), if the containers are identified by the 'sunburst' symbol. Containers of Drainz and Super Drainz found without the 'sunburst' symbol will still automatically be considered prohibited products in both counties."

Pursuant to the authority conferred by Local Law No. 12, Suffolk County prohibited the sale of both Drainz and Super Drainz, although the county did approve the sale of another of the plaintiff's products, Drainz Mark II.

Upon the foregoing facts, Special Term granted summary judgment in favor of the defendant, thereby impliedly sustaining the validity of the local law. The court found that the plaintiff had failed to meet its burden of establishing that the subject law had been preempted by the State legislation.

Because we conclude that Local Law No. 12 is inconsistent with ECL article 39 and therefore invalid, we do not reach the question of whether such a local law is preempted by the State legislation. Although it is interrelated with preemption, inconsistency is a separate infirmity which, standing alone, provides a legally sufficient basis for the invalidation of a local law *(see, Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 105; *Long Is. Light. Co. v County of Suffolk,* 119 AD2d 128; *Matter of Zagoreos v Conklin,* 109 AD2d 281, 292-293). In determining whether a local law is inconsistent with a State statute, we are mindful that the police power is derived from the sovereign State and can be exercised by local governments only to the extent that the State has delegated to them the authority to do so *(see, Matter of Marcus v Baron,* 57 NY2d 862, *revg* 84 AD2d 118, 134-139, on dissenting opn at App Div; *People v De Jesus,* 54 NY2d 465, 468; *Matter of Ames v Smoot,* 98 AD2d 216, 217, *appeal dismissed* 62 NY2d 804). Thus, the authority of a local government to enact local laws "is conditioned on the exercise of such authority not being inconsistent with any State enactment" *(Consolidated Edison Co. v Town of Red Hook, supra,* p 107; *Matter of Ames v Smoot, supra,* p 218). The term "inconsistency" is not readily defined, but it is clear that its application is not limited to those instances where a local law expressly conflicts with a

State statute *(see, Consolidated Edison Co. v Town of Red Hook, supra,* p 108; *People v De Jesus, supra,* p 468). "It [inconsistency] has been found where local laws prohibit what would be permissible under State law *(Wholesale Laundry Bd. of Trade v City of New York,* 17 AD2d 327, 329-330, 18 AD2d 968, affd 12 NY2d 998, on opn at 17 AD2d 327), or impose 'prerequisite "additional restrictions" ' on rights under State law *(F.T.B. Realty Corp. v Goodman,* 300 NY 140, 147-148), so as to inhibit the operation of the State's general laws. *(Matter of Marcus v Baron,* 57 NY2d 862; *Floyd v New York State Urban Dev. Corp.,* 33 NY2d 1, 7.)" *(Consolidated Edison Co. v Town of Red Hook, supra,* p 108).

In the present case, Suffolk County Local Law No. 12-1980 does not expressly conflict with the provisions of ECL article 39 but we are nevertheless constrained to conclude that the local law is inconsistent with its State counterpart and is, therefore, invalid. First, although the local law extends rather than contravenes the express provisions of ECL article 39 by permitting further limitations upon the use of sewage system cleaning products, it does, in effect, create "a situation where what would be permissible under the State law becomes a violation of the local law" *(Wholesale Laundry Bd. of Trade v City of New York,* 17 AD2d 327, 330, 18 AD2d 968, *affd* 12 NY2d 998, on opn at 17 AD2d 327). Indeed, although the sale and use of the plaintiff's products was permitted in Suffolk County under ECL article 39, the county, acting pursuant to Local Law No. 12, proscribed the sale and use of those products, thereby creating a situation where the local law prohibited that which was permissible under State law. In this regard, we are not persuaded by the contention that the local law cannot be inconsistent with the State's statute because the latter is merely silent and does not expressly permit the sale and use of the plaintiff's products and the chemicals contained therein. Although ECL article 39 does not expressly authorize or prohibit the sale and use of specific products by name, it does preclude the sale and use of any product containing certain quantities of any of several enumerated ingredients, and it also authorizes the banning of products containing other ingredients that are found to pose a threat to the groundwater. This regulatory scheme cannot be construed as being silent on the subject of the plaintiff's products or their contents *(cf. Council for Owner Occupied Hous. v Koch,* 119 Misc 2d 241, *affd* 61 NY2d 942; *People v Cook,* 34 NY2d 100). "Semantic exercises in this connection cannot change the concept" *(Wholesale Laundry Bd. of Trade v City of New York,*

17 AD2d 327, 330, 18 AD2d 968, *affd* 12 NY2d 998, on opn at 17 AD2d 327, *supra).* In addition, the local law is inconsistent with the State law because the former imposes "prerequisite 'additional restrictions' " upon the rights and obligations created by the latter *(see, F.T.B. Realty Corp. v Goodman,* 300 NY 140).

In conclusion, we hold that Local Law No. 12 is inconsistent with ECL article 39 and is, therefore, invalid. Accordingly, we reverse the order appealed from, grant the plaintiff's motion for summary judgment, deny the defendant's cross motion and remit the case for entry of an appropriate judgment which, in this declaratory judgment action, shall declare the local law to be invalid. Lazer, J. P., Bracken and Eiber, JJ., concur.

Weinstein, J., dissents and votes to modify the order appealed from, by adding a provision that Local Laws, 1980, No. 12 of the County of Suffolk (hereinafter Local Law No. 12) is valid, and otherwise to affirm the order appealed from, with the following memorandum:

I am not persuaded by the majority's finding of a fundamental inconsistency between Local Law No. 12 and ECL article 39 necessitating a declaration that the former is invalid. Such a conclusion, in my view, makes the term "inconsistent" the fundamental equivalent of "different" and, by means of such a rigid definition, serves to "vitiate the flexibility of home rule as enunciated by the Legislature and the executive branch in enacting the Municipal Home Rule Law" *(Town of Clifton Park v C. P. Enters.,* 45 AD2d 96, 98).

It is beyond cavil that municipalities are endowed with broad powers to enact local legislation concerning the health, safety, welfare and morals of their residents (NY Const, art IX, § 2; *Dougal v County of Suffolk,* 102 AD2d 531, 532, *affd* 65 NY2d 668). In addition to powers granted in the New York Constitution, the statute of local governments or any other law, the State Legislature expressly conferred upon local governments the power to adopt local laws for the protection and enhancement of their physical and visual environment (Municipal Home Rule Law § 10 [1] [ii] [a] [11]). The aforesaid power is not, however, without limitation. Even where the State has not preempted an entire area, a local law may be struck down as inconsistent with existing State laws if the court finds either that the local law permits something which has been specifically prohibited by the State law or the converse, that the local law proscribes an act which has been specifically permitted by the State *(Counsel for Owner Occupied Hous. v Koch,* 119 Misc 2d 241, 245, *affd* 61 NY2d 942 for

reasons stated at App Div, citing *Matter of Kress & Co. v Department of Health of City of N. Y.,* 283 NY 55; *People v Cook,* 34 NY2d 100; *People v Lewis,* 295 NY 42).

The mere fact, however, that both the State and a municipality seek to regulate an activity does not of itself create an inconsistency. Where a local law imposes greater restrictions or conditions in connection with a regional comprehensive plan, such law neither conflicts with nor is preempted by State law *(see, Monroe-Livingston Sanitary Landfill v Town of Caledonia,* 72 AD2d 957, 958, *affd* 51 NY2d 679). Moreover, the plaintiff appears to have been diverted by the false assumption that lack of uniformity is tantamount to inconsistency or contradiction *(Sonmax, Inc. v City of New York,* 43 NY2d 253, 258). Said assumption is patently erroneous.

A review of ECL article 39 which took effect some two months after the effective date of Local Law No. 12, reveals that it does not specifically authorize the sale of the plaintiff's product. The act does provide that no person shall distribute, sell, offer or use any sewage system cleaner or additive containing any restricted chemical material in concentrations in excess of one part per 100 (ECL 39-0105). It further empowers the commissioner to promulgate regulations establishing methods for identification and qualification of ingredients in sewage system cleaners and additives used in restricted geographical areas (ECL 39-0107 [1]). Manufacturers of sewage system cleaners or additives distributed or sold in said areas are required to furnish the commissioner with information regarding the chemical components thereof (ECL 39-0107 [2]).

In response to the plaintiff's inquiry concerning the applicability of ECL article 39 to its products, the New York State Department of Environmental Conservation unequivocally noted that said products had not, as of then, been approved for sale in Suffolk County in accordance with Local Law No. 12. The plaintiff was further advised that its original formulations would continue to be regarded as prohibited products in both Nassau and Suffolk Counties. With respect to the plaintiff's new formulations, which were to be identified by a sunburst symbol, the department noted that they could be sold in Nassau County and in Suffolk County if and only if approved for sale by the county in the future. Thus, the plaintiff can, at best, claim that its products have not been totally prohibited by the commissioner. This is patently divergent from a claim of State authorization. On the contrary, the department has explicitly left the matter open to local regulation.

The silence of the State Legislature with respect to the chemical found in the plaintiff's product should not be interpreted as an expression of intent. "Any time that the State law is silent on a subject, the likelihood is that a local law regulating that subject will prohibit something permitted elsewhere in the State. That is the essence of home rule" *(People v Cook,* 34 NY2d 100, 109, *supra).* Were this a case where the State had expressly granted plaintiff the right to market its products in Suffolk County, Local Law No. 12 might well be said to be inconsistent with the State law. To reach such a conclusion on the instant set of facts, however, would render the power of local governments to regulate completely illusory. The concept of inconsistency serves as a check against local laws which would contradict or be incompatible or inharmonious with the general laws of the State *(Town of Clifton Park v C. P. Enters.,* 45 AD2d 96, 98, *supra).* Such is plainly not the case here.

Assuming, arguendo, that an inconsistency between Local Law No. 12, and ECL article 39 had been shown, the action of the municipality could still be upheld. It is well established that even where inconsistency with State law is shown, the local law will nevertheless be upheld provided that there exists some special local problem supporting the variance from the statute *(see, People v Cook, supra,* pp 109-110; *Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347, 351). The instant case presents precisely such a situation as evidenced by the fact that the groundwaters of Suffolk County have received one of the few designations in the country as sole source aquifers. As set forth in the affidavit of the Supervisor of Drinking Water in the Suffolk County Department of Health Services, the groundwater reservoir under Long Island is unique insofar as it is the only source of water supply. The movement of precipitation through the soil to recharge the underground water table, the sole source of groundwater replenishment, is slow, and, consequently, more susceptible to contamination on its way to the watertable. The situation in Suffolk County is different from that in Nassau County where residents are served by deeper public water supply wells. The shallow private wells upon which many residents of Suffolk County must depend for their drinking water are more susceptible to groundwater contamination from a multitude of chemicals.

Stated succinctly, the fact that the State Legislature enacted a special law applicable only to Suffolk and Nassau Counties (ECL 39-0103 [5]) cogently evinces the fact that the

conditions prevailing on Long Island deserve special treatment. Accordingly, even if Local Law No. 12 has been shown to be inconsistent with the State law, the existence of significant local problems support the variance.

I note further that absent any manifestation of a clear cut intention on the part of the State Legislature to occupy the entire field of regulation of sewage system cleaners and additives, the plaintiff's argument that Local Law No. 12 is preempted by State legislation must fail. The instant case is in marked contrast to the situation presented in *Consolidated Edison Co. v Town of Red Hook* (60 NY2d 99, 105), where the legislative history surrounding the enactment of Public Service Law article VIII evinced the need for the State to control determinations regarding the proposed siting of major steam electric generating facilities within the State. In contrast, the application of one general prohibitory statute concerning a limited number of chemicals does not evince a desire on the part of the Legislature to preempt localities in the restricted geographical area from passing ordinances concerning sewage system additives. Where the use of a particular substance has not been expressly ordered or proscribed by the commissioner pursuant to a pervasive regulatory scheme, substantive regulation is best left to the discretion of local authorities.

Inasmuch as Local Law No. 12 was neither inconsistent with, nor preempted by, any State legislation, I vote to sustain the denial of the plaintiff's motion for summary judgment and the granting of the defendant's cross motion for summary judgment in its favor, and to declare the local law valid. *[See,* 126 Misc 2d 463.]