Sandra L. Berman, Esq. Town Attorney, Smithtown
Your office has asked whether a town may enact a local law prohibiting cruelty to animals which varies from the provisions of article 26 of the Agriculture and Markets Law.
Article 26 prohibits cruelty to animals and encompasses a wide range of activities. For example, it prohibits the use of animals for fighting (Agriculture Markets Law, §§ 351-352); abandonment of animals (id.,
§ 355); carrying animals in a cruel manner (id., § 359); poisoning animals (id., § 360); throwing substances injurious to animals in public places (id., § 362); and operations on a dog's ears or a horse's tail by unauthorized persons (id., §§ 365, 368). The article also provides standards for the humane destruction of abandoned or strayed animals (id., § 374).
In a 1983 opinion, we addressed the question of whether a local government had authority to enact a local law which would vary the provisions of article 7 of the Agriculture and Markets Law, which govern the licensing and regulation of dogs (1983 Op Atty Gen 37). Article 7 contains a detailed regulatory framework as to dog licensing (Agriculture Markets Law, §§ 106, et seq.). We concluded that the comprehensive and detailed regulatory system established by State law was indicative of a State policy to place these subjects outside the legislative authority of local governments (1983 Op Atty Gen 37, 38; see People v DeJesus, 54 N.Y.2d 465 [1981]; Wholesale Laundry Bd. of Trade v City of New York, 17 A.D.2d 327 [1st Dept, 1962], affd on opn below 12 N.Y.2d 998 [1963]).
We believe that the regulatory scheme in article 26 is similar in nature to the dog licensing and enumeration regulations in article 7 which we found to be preemptive in 1983. Each article establishes a comprehensive regulatory scheme for its area of concern. Accordingly, we conclude that the provisions of article 26 are preemptive. Furthermore, as noted in our 1983 opinion, the nature of the subject matter being regulated — cruelty to animals — and the lack of any real distinctions between any particular locality and other parts of the State regarding the regulated activity is further evidence that the provisions of article 7 are preemptive (Wholesale Laundry Bd. of Trade v City of New York,supra; People v DeJesus, supra).
You have also asked whether the town's dog control officers may be appointed as agents of a duly incorporated society for the prevention of cruelty to animals under section 371 of the Agriculture and Markets Law.
Section 371 is one of the enforcement provisions of article 26. It provides that police officers, constables and "any agent or officer of any duly incorporated society for the prevention of cruelty to animals" are authorized to arrest, summon or issue appearance tickets for violations of article 26 (Agriculture and Markets Law, § 371; Criminal Procedure Law, § 150.20).
A dog control officer is neither a peace officer nor a constable (Criminal Procedure Law, § 2.10; 1976 Op Atty Gen [Inf] 223). Under section 119 of the Agriculture and Markets Law, dog wardens are granted all the powers of constables or peace officers, but only to the extent of enforcement of article 7 governing licensing and regulation of dogs. Accordingly, he or she would have no authority to enforce the provisions of article 26 of the Agriculture and Markets Law.
If the dog control officer is also an agent for a society for the prevention of cruelty to animals, he or she would then have authority to make arrests and issue appearance tickets pursuant to section 371. Any action taken to enforce section 371, of course, would be taken in the individual's capacity as an SPCA agent. Furthermore, we see no potential for conflict between the duties of the public office of dog control officer and the private position of SPCA agent. Dog control officers are concerned with carrying out the provisions in article 7 of the Agriculture and Markets Law concerning dog licensing. These provisions are essentially unrelated to article 26, concerning cruelty to all animals, including dogs. Although an individual may learn of a violation of article 26 in the course of carrying out his or her duties as dog control officer, we do not believe this creates a potential for conflict of duties.
We conclude that article 26 of the Agriculture and Markets Law has preempted the field of the prevention of cruelty to animals; local governments are without authority to regulate in that area. Furthermore, a dog control officer may also serve as an agent of a society for the prevention of cruelty to animals.