Requestor: Ilan S. Schoenberger, Esq., County Attorney County of Rockland Allison-Parris County Office Building New City, New York 10956
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
Your assistant county attorney has inquired whether the county can enact a local law prohibiting the use of bicycles without the wearing of helmets and prohibiting a person from operating a bicycle with a person one year of age or younger as a passenger.
The State Constitution (Art IX, § 2[c][ii][10]), as implemented by the Municipal Home Rule Law (§ 10[1][ii][a][12]), authorizes local governments, including counties, to adopt local laws relating to the government, protection, order, conduct, safety, health and well-being of persons or property in the local government. This is a broad delegation of police power to local governments.
There are limitations on this grant of authority. A municipality may not adopt local laws: (1) which are inconsistent with the Constitution or general State laws. Municipal Home Rule Law § 10(1)(ii); ConsolidatedEdison v Town of Red Hook, 60 N.Y.2d 99 (1983); People v Cook,34 N.Y.2d 100 (1974); Wholesale Laundry Board v City of New York,17 A.D.2d 327 (1962), affd, 12 N.Y.2d 998 (1963); or (2) where the Legislature has expressed an intent to preempt local legislation with respect to a given subject. Consolidated Edison v Town of Red Hook,supra; Wholesale Laundry Board v City of New York, supra; People vDeJesus, 54 N.Y.2d 465 (1981); People v Cook, supra; Robin v IncorporatedVillage of Hempstead, 30 N.Y.2d 347 (1972).
Where State law expresses a design to occupy an entire field, a local law within that field would be prohibited. Wholesale Laundry Board v City ofNew York, supra; People v Cook, supra. A desire to preempt may be deduced either from (1) a declaration of State policy by the Legislature (Robin vIncorporated Village of Hempstead, supra); or (2) the fact that a comprehensive and detailed regulatory scheme in a particular area has been enacted by the Legislature. People v DeJesus, supra.
The exercise of the police power is limited by the requirement that it be reasonable. People v Goodman, 31 N.Y.2d 262 (1972). A local enactment must be reasonably related to a legitimate governmental purpose. Ibid. A legitimate governmental purpose is one which promotes the public health, safety and well-being. French Inv. Company v City of New York,39 N.Y.2d 587, cert denied, 429 U.S. 990 (1976).
It is clear that the proposed local law concerning the safe use of bicycles is authorized as an exercise of local police power to protect the health, safety and well-being of persons in the county. It is generally accepted that the wearing of helmets by bicyclists can prevent or reduce the seriousness of head injuries. In any event, we presume that the county legislative body has or will make factual findings concerning the health and safety risk of riding bicycles without helmets and of transporting a passenger one year of age or younger.* Assuming these findings are made properly, the test of reasonableness of the proposed local law will be satisfied. The local law would be deigned to promote the public health, safety and well-being. French Inv. Company v City ofNew York, supra.
A local law so regulating use of bicycles would not be inconsistent with or preempted by State law. We are unaware of any State law regulating this subject. Thus, local governments may reasonably exercise their police powers in order to protect bicyclists from injury.
We conclude that a county is authorized to enact a local law prohibiting the use of bicycles without the wearing of helmets and prohibiting a person from operating a bicycle with a person one year of age or younger as a passenger.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
* Presumably, these activities not only would present a health and safety risk to the bicyclist and his passenger but also could increase health and automobile insurance costs.