Requestor: Ilan S. Schoenberger, Esq., County Attorney County of Rockland Allison-Parris County Office Building New City, New York 10956
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
Your assistant county attorney has inquired whether the county can enact a local law regulating pit bulls which would require the owners of all pit bulls to (1) register the dogs with an agency of county government, (2) maintain liability insurance, (3) muzzle the dogs in all public places, and (4) post the property where the dog is located with a notice of "Dangerous Dog".
Under the State Constitution, local governments, including counties, are authorized to adopt local laws relating to the health, safety and well being of persons or property in the local government. N Y Const, Art IX
§ 2(c)(ii)(10); see also, Municipal Home Rule Law §10(1)(ii)(a)(12). This constitutes a broad delegation of police power to local governments.
There are limitations on this grant of authority. A municipality may not adopt local laws: (1) which are inconsistent with the Constitution or general State laws (Municipal Home Rule Law § 10[1][ii]; ConsolidatedEdison v Town of Red Hook, 60 N.Y.2d 99 [1983]; People v Cook,34 N.Y.2d 100 [1974]; Wholesale Laundry Board v City of New York,17 A.D.2d 327 [1962], affd, 12 N.Y.2d 998 [1963]); or (2) where the Legislature has expressed an intent to preempt local legislation with respect to a given subject (Consolidated Edison v Town of Red Hook,supra; Wholesale Laundry Board v City of New York, supra; People vDeJesus, 54 N.Y.2d 465 [1981]; People v Cook, supra; Robin v IncorporatedVillage of Hempstead, 30 N.Y.2d 347 [1972]).
Where State law expresses a design to occupy an entire field, a local law within that field would be prohibited. Wholesale Laundry Board v City ofNew York, supra; People v Cook, supra. A desire to preempt may be deduced either from (1) a declaration of State policy by the Legislature (Robin vIncorporated Village of Hempstead, supra); or (2) the fact that a comprehensive and detailed regulatory scheme in a particular area has been enacted by the Legislature (People v DeJesus, supra).
It is clear that the proposed local law, seeking to control pit bulls, is an exercise of local police power. The exercise of the police power is limited by the requirement that it be reasonable. People v Goodman,31 N.Y.2d 262 (1972). Thus, the proposed local law must serve a legitimate public purpose by protecting the public health, safety and well-being of persons and property in the county. Ibid.; French Inv.Company v City of New York, 39 N.Y.2d 587, cert denied, 429 U.S. 990
(1976). It is within the province of the county legislature to establish that there is a need to control pit bulls in the county and that the measures incorporated in the local law are reasonably designed to achieve this purpose.
Local laws, however, may not be inconsistent with general State laws or deal with a subject that has been preempted. Article 7 of the Agriculture and Markets Law is a detailed and comprehensive State statutory scheme for the regulation and control of dogs. Article 7 provides that "no municipality shall vary, modify, enlarge or restrict the provisions of the article relating to identification, licensing, rabies vaccination and euthanization" of dogs. Agriculture and Markets Law § 124(1). We have found that this language is indicative of a State policy to place these subjects outside the legislative authority of local governments. 1983 Op Atty Gen 37.
Municipalities are specifically authorized to enact local laws or ordinances regulating the keeping or running of dogs at large. Agriculture and Markets Law § 124(1). Thus, localities have been provided the flexibility to draft local regulations needed to control dogs. The Department of Agriculture and Markets, in a summary of the provisions of the Department proposal which became Article 7, described the intent to give localities broad control over dogs.
 "It is the basic rationale of this bill that dog control is primarily a local function. This bill affords to the municipalities, which are charged with the primary jurisdiction to administer and enforce the Article, the broadest possible range of options. Under this bill, each municipality may formulate a program which reflects the needs and desires of the local population." May 26, 1978 Letter to Hon. Judah Gribetz, Counsel to the Governor, from J. Roger Barber, Commissioner, Department of Agriculture and Markets.
It seems clear that the provisions of the proposed local law requiring that pit bull owners maintain liability insurance, muzzle these dogs in public places and post their property with a notice of "Dangerous Dog" all are regulations relating to the keeping and running of dogs at large. Under section 124(1) of the Agriculture and Markets Law, municipalities, including counties, are authorized to enact regulations in this area.
In our view, the requirement that owners of pit bulls register these dogs with an agency of county government is also permissible provided that this registration requirement in no way affects the identification and licensing procedures established by Article 7. Under article 7, each dog is assigned a permanent identification number by the Department of Agriculture and Markets and a central identification system is maintained by the Department. Agriculture and Markets Law §§ 109, et seq. Each dog is furnished with an identification tag bearing its permanent identification number. Ibid. The identification system is designed to facilitate enforcement of dog control regulations and the return of lost dogs to their owners. May 26, 1978 Letter to Hon. Judah Gribetz, Counsel to the Governor, from J. Roger Barber, Commissioner, Department of Agriculture and Markets. Applications for dog licenses are made with the clerk of the city, town or village. Agriculture and Markets Law §109.
In our view, the requirement in the proposed local law that pit bulls be registered with an agency of county government is not preempted by or inconsistent with State law. These dogs must continue to be licensed and registered in accordance with the provisions of Article 7. The registration with county government apparently has a separate purpose to ensure that the other provisions of the proposed local law relating to control of pit bulls are carried out. In delegating to localities the authority to control the keeping and running of dogs at large, we believe the Legislature has delegated to local governments the authority to enact these regulations.
We conclude that a county may enact a local law regulating pit bulls which would require the owners of all pit bulls to (1) register the dogs with an agency of county government, (2) maintain liability insurance, (3) muzzle the dogs in all public places, and (4) post the property where the dog is located with a notice of "Dangerous Dog".
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.