Requestor: Robert M. Leff, Esq., Village Attorney Village of Massapequa Park 1022 Park Boulevard Massapequa Park, N Y 11762-2711
Written by: Siobhan Crary, Assistant Attorney General
You have asked whether the Village of Massapequa Park may enact a local law regulating the licensing of cats and providing a facility for the placement of cats that are creating a nuisance in the village.
Under the State Constitution, local governments, including villages, are authorized to adopt local laws relating to the health, safety and well-being of persons or property in the local government. N Y Const, ArtIX § 2(c)(ii)(10); see also, Municipal Home Rule Law §10(1)(ii)(a)(12). This constitutes a broad delegation of police power to local governments.
Village Law § 4-412(1) provides:
 "In addition to any other powers conferred upon villages, the board of trustees of a village shall have management of village property and finances, may take all measures and do all acts, by local law, not inconsistent with the provisions of the constitution, and not inconsistent with a general law except as authorized by the municipal home rule law, which shall be deemed expedient or desirable for the good government of the village, its management and business, the protection of its property, the safety, health, comfort, and general welfare of its inhabitants, the protection of their property, the preservation of peace and good order, the suppression of vice, the benefit of trade, and the preservation and protection of public works."
There are limitations on this grant of authority. A municipality may not adopt local laws: (1) which are inconsistent with the Constitution or general State laws (Municipal Home Rule Law § 10[1][ii]; ConsolidatedEdison v Town of Red Hook, 60 N.Y.2d 99 [1983]; People v Cook,34 N.Y.2d 100 [1974]; Wholesale Laundry Board v City of New York,17 A.D.2d 327 [1962], affd, 12 N.Y.2d 998 [1963]); or (2) where the Legislature has expressed an intent to preempt local legislation with respect to a given subject (Consolidated Edison v Town of Red Hook,supra; Wholesale Laundry Board v City of New York, supra; People vDeJesus, 54 N.Y.2d 465 [1981]; People v Cook, supra; Robin v IncorporatedVillage of Hempstead, 30 N.Y.2d 347 [1972]).
Where State law expresses a design to occupy an entire field, a local law within that field would be prohibited. Wholesale Laundry Board v City ofNew York, supra; People v Cook, supra. A desire to preempt may be deduced either from (1) a declaration of State policy by the Legislature (Robin vIncorporated Village of Hempstead, supra); or (2) the fact that a comprehensive and detailed regulatory scheme in a particular area has been enacted by the Legislature (People v DeJesus, supra).
We conclude that the proposed local law, seeking to license cats and to place them in a facility if they are creating a nuisance, is an exercise of local police power. The exercise of the police power is limited by the requirement that it be reasonable. People v Goodman, 31 N.Y.2d 262
(1972). Thus, the proposed local law must serve a legitimate public purpose by protecting the public health, safety and well-being of persons and property in the county. Ibid.; French Inv. Company v City of NewYork, 39 N.Y.2d 587, cert denied, 429 U.S. 990 (1976). It is within the province of the village board to establish that there is a need to license and control cats in the village and that the measures incorporated in the local law are reasonably designed to achieve those purposes.
Local laws, however, may not be inconsistent with general State laws or deal with a subject that has been preempted. The Agriculture and Markets Law contains a detailed and comprehensive scheme for the licensing and control of dogs. We have concluded that State law has preempted the field of dog control. 1983 Op Atty Gen 37. This statutory scheme does not, however, govern licensing and control of cats. We are aware of no provision of State law that would preempt a local law governing the licensing and control of cats. Accordingly, we conclude that a village may enact a local law providing for the licensing and control of cats. The local law could include provisions that deal with cats that have become a nuisance.
We have found in a prior opinion that Article 26 of the Agriculture and Markets Law has preempted the field of prevention of cruelty to animals. 1988 Op Atty Gen 138. Article 26 provides, among other things, that any agent or officer of the American Society for the Prevention of Cruelty to Animals or any duly incorporated society for the prevention of cruelty to animals may lawfully take possession of any lost, strayed, homeless or abandoned animal found in any public place. Agriculture and Markets Law § 373(1). The statute further provides standards for the humane destruction of abandoned or strayed animals. Id., § 374. In our prior opinion, we concluded that a municipality may not regulate in this area.
We conclude that it is within the authority of a village board to enact a local law providing for the licensure and control of cats. However, the village's local law may not regulate cats that are lost, strayed, homeless or abandoned animals within the provisions of the Agriculture and Markets Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.