OPINION OF THE COURT
Abraham G. Gerges, J.
The City of New York moves for an order, pursuant to Administrative Code of the City of New York § 5-311 and CPLR 3124, directing fixture claimant ELRAC, Inc., doing business as Enterprise Rent A Car, to comply with its notice of deposition dated May 21, 2008 and to produce a person or persons with knowledge of the facts and circumstances who can respond to all questions concerning the design, acquisition, installation, operation, modification, maintenance or use of the items claimed to be fixtures.
Facts and Procedural Background
Title to the subject property, block 2301, lots 1, 50, 60 and 70, vested in the City on September 12, 2007. On April 25, 2008, Enterprise filed a fixture claim. Shortly thereafter, on May 21, 2008, the City served a notice of deposition upon claimant. At a status conference held on June 18, 2008, counsel for claimant stated that he did not intend to produce his client for deposition. The instant motion followed.
The Parties’ Contentions
In support of its motion, the City contends that it has the right to take the deposition of claimant pursuant to section 5-311 of the Administrative Code.
In opposition, claimant argues that the motion should be denied on the ground that section 5-311 of the Administrative Code is preempted by the Eminent Domain Procedure Law and by the CPLR. Claimant further avers that since a condemnation proceeding is a special proceeding governed by article 4 of the CPLR, leave of court is required in order to take a deposition in accordance with CPLR 408.
In its reply papers, the City argues that Administrative Code § 5-311 is not preempted by state law, since that provision of the Code was originally enacted by the State Legislature as a state statute (L 1937, ch 929). Additionally, in 1977, during the same session that the EDPL was enacted, the State Legislature reconsidered portions of the Administrative Code that applied to condemnation proceedings and amended or repealed several provisions in order to make the Code consistent with the EDPL *357 (L 1977, eh 840). At that time, the State Legislature left several sections which apply to condemnation proceedings unchanged, including section B15-13.0, which is now section 5-311. The City thus concludes that the State Legislature evidenced an intent that the provisions of the Administrative Code that it left unchanged would operate in conjunction with the EDPL.
The Law
In discussing the application of preemption, this court has explained that:
“The doctrine of preemption represents a fundamental limitation on a municipality’s broad power to enact local legislation consistent with the State Constitution and general State laws relating to the welfare of its citizens (see e.g. Ba Mar v County of Rockland, 164 AD2d 605, 612 [1991], appeal dismissed, appeal denied 78 NY2d 877 [1991]). ‘Under this doctrine, even in the absence of an express conflict, a local law which regulates subject matter in a field which has been preempted by State legislation is deemed inconsistent with the State’s transcendent interest and is thus invalid’ (id. at 612 [1991], quoting Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 377 [1989]).
“Hence, ‘[w]here the State has demonstrated its intent to preempt an entire field and preclude any further local regulation, local law regulating the same subject matter is considered inconsistent and will not be given effect’ (Nyack v Daytop Village, 78 NY2d 500, 505 [1991]; accord City of New York v Town of Blooming Grove Zoning Bd. of Appeals, 305 AD2d 673 [2003], appeal dismissed 100 NY2d 614 [2003]). ‘The intent to occupy an entire field of regulation need not be express. Rather, that desire may be inferred from a declaration of State policy by the Legislature or from the legislative enactment of a comprehensive and detailed regulatory scheme in a particular area’ (ILC Data Device v County of Suffolk, 182 AD2d 293, 301 [1992], appeal dismissed 81 NY2d 952 [1993], quoting New York State Club Assn. v City of New York, 69 NY2d 211, 217 [1987], affd 487 US 1 [1988]; accord Aetna Cas. & Sur. Co. v County of Nassau, 221 AD2d 107, 119 [1996], appeal dismissed 88 NY2d 1015 [1996], lv denied 89 NY2d 804 [1996], reh denied 89 NY2d 1031 [1997] *358 [the Legislature’s decision to preempt a particular area of law may be inferred from the nature of the subject matter being regulated and from the purpose and scope of the State legislative scheme, including the need for State-wide uniformity in a given field]).
“ ‘Even if the Legislature had not pre-empted the field of regulations, [a municipality’s] authority to enact local laws under the Constitution or the Municipal Home Rule Law is conditioned on the exercise of such authority not being inconsistent with any State enactment’ (Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 107 [1983], citing People v De Jesus, 54 NY2d 465, 468 [1981]; Mc-Millen v Browne, 14 NY2d 326, 331 [1964]). Inconsistency ‘has been found where local laws prohibit what would be permissible under State law Wholesale Laundry Bd. of Trade v City of New York, 17 AD2d 327, 329-330 [1962], 18 AD2d 968 [1963], affd 12 NY2d 998, on op at 17 AD2d 327), or impose “prerequisite ‘additional restrictions’ ” on rights under State law (F. T. B. Realty v Goodman, 300 NY 140, 147-148), so as to inhibit the operation of the State’s general laws.’ (Consolidated Edison Co., 60 NY2d at 108.)” (Matter of City of New York, 10 Misc 3d 1060[A], 2005 NY Slip Op 52047[U], *12-13 [2005].)
As is also relevant herein, a review of chapter 929 of the Laws of 1937 reveals that it was “AN ACT to provide an administrative code for the city of New York in harmony with and supplemental to the New York City charter.” In addition, chapter 100 (§ 245) of the Laws of 1963 provided that it was “AN ACT to amend the administrative code of the city of New York, in relation to conforming and harmonizing the provisions of such code with the provisions of the New York City charter adopted by referendum on November seventh, nineteen hundred sixty-one.” As provided therein, section B15-13.0, which is essentially identical to section 5-311, but for the references to the civil practice act, was amended only to the extent of deleting the phrase “and by any owner of property within the area of assessment, if any” from the last sentence.
Thereafter, chapter 840 of the Laws of 1977 was enacted to amend numerous provisions of law to “repeal and reenact certain articles, sections, subdivisions and paragraphs of . . . the eminent domain procedure law . . . and the administrative *359 code of the city of New York, in relation to the exercise of the powers of eminent domain generally and to repeal certain provisions of such code relating thereto.” Sections 123 through 137 provided detailed amendments to provisions of the Administrative Code, while repealing certain others. Significantly, section B15-13.0 was neither amended nor repealed.
Discussion
As the above discussion of controlling law reveals, a local law will be preempted if the State demonstrates its intent to preclude any local legislation regulating the same subject matter. Herein, the State Legislature enacted the Administrative Code in 1937, including section B15-13.0, which is essentially identical to section 5-311. Thereafter, the State Legislature amended the Administrative Code in 1977 so that its provisions would be consistent with the provisions of the EDPL. Since the State Legislature amended some provisions and repealed others in 1977, it must be presumed that if the Legislature believed that any other provisions of the Administrative Code were inconsistent with the EDPL, those provisions would have been repealed as well. Accordingly, claimant’s argument that section 5-311 of the Code is preempted by state law must fail.
Having rejected claimant’s argument of preemption, the court holds that the City is entitled to depose a person to be produced by ELRAC, pursuant to Administrative Code § 5-311, on notice, without first obtaining leave of court pursuant to CPLR 408 (see generally West Bushwick Urban Renewal Area, Phase 2, Sup Ct, Kings County, June 27, 2007, index No. 35057/04; Columbia St. Second Amended Urban Renewal Area, Sup Ct, Kings County, Feb. 18, 2004, index No. 44797/98). To the extent that the Honorable Leland DeGrasse held to the contrary in Matter of City of New York (7th Ave. Subway) (Sup Ct, NY County, index No. 404743/07), this court respectfully disagrees.
Conclusion
Accordingly, the City’s motion to compel the deposition of claimant is granted. Claimant shall produce a witness with knowledge regarding the subject fixtures at a time and place agreed to between the parties, with said deposition to be conducted within 30 days of service upon claimant of a copy of this decision with notice of entry.